NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1756
_____

EARL KEAN & LINDA KEAN,
        Appellants
v.

KENNETH HENRY, Police Officer, Individually & in his
official capacity as a police officer for Northwest Lancaster
County Regional Police Department; CHARLES KRAUS, III,
Chief of Police, Ret., Individually & in his official capacity
as The Chief of Police for Northwest Lancaster County
Regional Police Department; MICHAEL S. LYONS, SR.,
Police Officer, Individually & in his official capacity as a
police officer for Elizabethtown Borough Police Department;
GORDON J. BERLIN, Corporal, Individually & in his official
capacity as a Corporal for the Elizabethtown Borough Police
Department; WEST DONEGAL TOWNSHIP; MOUNT JOY
TOWNSHIP; BOROUGH OF ELIZABETHTOWN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-09-cv-00567)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2013

Before: FUENTES, CHAGARES and BARRY, *Circuit Judges*

(Opinion Filed: April 30, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Appellants, Earl Kean and his wife Linda (the "Keans"), appeal from an order of the United States District Court for the Eastern District of Pennsylvania dismissing their claims against defendants, Elizabethtown Borough ("Elizabethtown"), West Donegal Township ("West Donegal"), Mount Joy Township ("Mount Joy"), and four police officers, Kenneth Henry, Charles Kraus, III, Michael Lyons, Sr., and Gordon Berlin, in their official and individual capacities. Kean[1] alleged a violation of 42 U.S.C. § 1983 against West Donegal, Mount Joy, Elizabethtown, and defendants Henry, Kraus, Berlin, and Lyons in their official capacities, arising under the First, Fourth, and Fourteenth Amendments. Kean also asserted state law claims against Henry, Kraus, Berlin, and Lyons. His wife, Linda Kean, brought a loss of consortium claim against these four individuals in their official capacities. The District Court granted defendants' motions to dismiss. On appeal, the Keans withdraw their claims against the police officers in their individual capacities and their state law claims, but maintain their claims against the municipal defendants and the police officers in their official capacities. For the reasons set forth below, we will affirm the judgment of the District Court.

I

Because we write primarily for the parties, we set forth only the facts relevant to our resolution of this appeal. Earl Kean, a resident of West Donegal, retired from the Pennsylvania State Police in 2002. As a private resident, Kean attended a West Donegal township meeting in 2003 where the municipality sought votes on a proposed merger of

---

[1] Unless otherwise stated, "Kean" refers to Earl Kean.

2

the West Donegal and Mount Joy police departments into a regional authority. The regional authority would be known as the Northwest Regional Lancaster County Police Department ("Regional Police").

At the meeting, Kean publicly opposed the merger, voicing his opinion that the true reason for the merger was to increase police officer pay. West Donegal and Mount Joy approved the merger. Their corresponding police departments were then merged into the Regional Police.

According to Kean, in 2004, he requested the assistance of the Regional Police in removing a construction site nuisance but his request was ignored. In 2006, at a West Donegal township meeting, Kean claimed that the merger had failed to create greater efficiency and had only resulted in an increase to individual police officers' benefits. Officer Henry was present at this meeting and argued publicly with Kean about his allegations.

Kean further alleges that in February 2007, Officer Henry stopped him in traffic in Elizabethtown for no apparent reason. Elizabethtown Officers Lyons and Berlin arrived at the scene shortly after Kean was pulled over. None of the officers explained to Kean the reason for the stop, and no traffic citation was issued at the scene.

Kean contends that he complained to the Elizabethtown Chief of Police about the traffic stop. He alleges in his complaint that the Chief of Police advised him that Officer Henry tried to charge Kean with fleeing and eluding police officers without justification. Kean later received a traffic citation in the mail from Officer Lyons charging him with careless driving. Finally, Kean alleges that, in August 2007, an Elizabethtown police

officer told him that he should have expected retaliation from the Regional Police because of his public opposition to the merger.

After the Keans filed suit in the District Court, the defendants moved to dismiss. The Keans then sought leave to substitute a party and file an Amended Complaint, which the District Court granted. The Keans then filed an Amended Complaint and the defendants again filed motions to dismiss.

The Keans requested the District Court's leave to further amend their complaint should it find the Amended Complaint deficient, which was granted. Despite the court's grant of leave to amend, however, the Keans never filed a Second Amended Complaint. Instead, they notified the District Court that they would "stand" on their Amended Complaint. The defendants then filed a joint motion to renew their motions to dismiss.

On February 28, 2012, the District Court granted defendants' motions and dismissed the Keans' § 1983 claims with prejudice, finding that the Keans failed to cite an official policy or custom on the part of municipal defendants as required under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), to render them liable. The District Court also declined to exercise supplemental jurisdiction over the state law claims, and dismissed the claims against the individual defendants in their official capacities as duplicative.

## II

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of a motion to dismiss. *Grier v. Klem*, 591 F.3d 672, 676

(3d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

On appeal, the Keans argue that the District Court erred in dismissing their complaint as insufficient under *Monell*, and erred in denying their request to amend. A municipality is liable under § 1983 only when the plaintiff shows that a constitutional deprivation emerged from that entity's official policy or custom. *Marran v. Marran*, 376 F.3d 143, 156 (3d Cir. 2004). For purposes of meeting this standard, a policy exists when a municipal decision-maker with final authority issues an official proclamation. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010). A custom exists when "practices of state officials [are] so permanent and well settled as to virtually constitute law." *Id.* (internal citations omitted). To prove policy or custom, a plaintiff must show "that a [decision-maker] is responsible either for the policy or, through acquiescence, for the custom." *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 193 (3d Cir. 2009).

We agree with the District Court that the Keans fail to satisfy the requisite elements of a *Monell* claim. As the District Court correctly noted, the Keans' complaint contains only the following allegations: that the Regional Police failed to timely respond to Kean's request for assistance in removing a construction site nuisance; that Henry and Kean verbally argued at a West Donegal meeting; and that Henry stopped Kean without probable cause. These allegations are insufficient to state a claim under *Iqbal* because they fail to contain sufficient factual matter to make it plausible on the face of the complaint that defendants are responsible for a policy or custom that violated the Keans'

5

constitutional rights. Although we agree with the District Court's statement that Kean may have been treated poorly by officers, we also agree that the Keans have failed to allege any facts indicating that the municipalities took any action in accordance with an unlawful policy, practice, or custom under *Monell*.

The Keans also contend that the District Court erred by dismissing their complaint with prejudice after the Keans decided to stand on their Amended Complaint. According to the Keans, the District Court should have instead granted them leave to amend their complaint a third time. We review a district court's refusal to allow a plaintiff to amend his complaint for abuse of discretion. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Here, the District Court twice granted the Keans' requests for leave to amend. Instead of taking the opportunity to amend the second time, the Keans decided to stand on their Amended Complaint. Thus, we conclude that the District Court did not abuse its discretion in denying the Keans an opportunity to amend their complaint after the Keans decided to forego such an opportunity and instead chose to stand on their Amended Complaint.[2]

### III

For the foregoing reasons, we affirm the decision of the District Court.

---

[2] We have considered the Keans' remaining arguments and find them meritless.