NO. 13-1816

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

PLAINTIFF-APPELLEE,

v.

ANDREW AUERNHEIMER,

DEFENDANT-APPELLANT.

On Appeal From The United States District Court
For The District of New Jersey
Case No. 2:11-cr-00470-SDW-1
Honorable Susan D. Wigenton, District Judge

**OPPOSITION TO UNITED STATES' MOTION FOR A WORD LIMIT EXTENSION TO 26,500 WORDS & STAY OF BRIEFING SCHEDULE**

Tor B. Ekeland
Mark H. Jaffe
TOR EKELAND, P.C.
155 Water Street
Brooklyn, NY 11201
Tel.: (718) 285-9343
Email: tor@torekeland.com

Marcia C. Hofmann
LAW OFFICE OF MARCIA C. HOFMANN
25 Taylor Street
San Francisco, CA 94102
Tel.: (415) 830-6664
Email: marcia@marciahofmann.com

Orin S. Kerr
2000 H Street, N.W.
Washington, DC 20052
Tel.: (202) 994-4775
Email: okerr@law.gwu.edu

Hanni M. Fakhoury
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Email: hanni@eff.org

*Attorneys for Defendant-Appellant Andrew Auernheimer*

Appellant Andrew Auernheimer, through undersigned counsel, opposes the government's motion to file a brief containing 26,5000 words. He also strongly opposes the government's request to stay the briefing schedule while this motion is pending. Mr. Auernheimer opposes the government's motion and request for the following reasons:

1. Federal Rule of Appellate Procedure 32(a)(7)(B)(i) limits the length of the parties' principal briefs to 14,000 words. Mr. Auernheimer's opening appellate brief fully complied with this Rule. In response to Mr. Auernheimer's standard-length brief, the government now seeks permission file an enlarged brief consisting of 26,500 words – about *90% longer* than the Rule allows. The government has filed this request a mere four days before its brief is due on August 9, 2013.

2. The government has provided no significant reason why it needs to file a brief nearly twice as long as the Rule provides (and nearly twice as long as the opening brief). Mr. Auernheimer agrees with the government that his brief "raises serious substantive challenges to the Government's prosecution," and that "several of the legal issues raised are questions of first impression in this Circuit." But these rationales do not justify giving the government 90% more space to make its arguments. Mr. Auernheimer's brief raised those serious challenges within the

14,000-word limit; the government can respond adequately under the same length restrictions.

3.  The government also argues that it should receive 12,500 extra words to respond to the four *amici* briefs filed in support of Mr. Auernheimer.  The *amici* briefs filed in this case certainly amplify and add perspective to the arguments made in Mr. Auernheimer's brief.  But the government's brief should and will respond mostly to the arguments in *Mr. Auernheimer's* brief, not the *amici* briefs.  *Amici* briefs are routinely filed in criminal cases before this and other courts, but permitting a litigant a significant amount of extra space to respond to these arguments would be unprecedented.  *See* Antonin Scalia & Bryan A. Garner, *Making Your Case: The Art of Persuading Judges* 104 (2008) (noting that responding to *amicus* briefs within required page limits can be "unfair – rather like giving your adversary double the page limit that you have – but life is like that").  Nor is anyone in a position to respond at length to any government responses to the arguments raised by *amici*.  Mr. Auernheimer does not have the word space in his reply brief to address such points in detail and the Federal Rules of Appellate Procedure prohibit an *amicus* from filing a reply brief absent permission from the Court.  *See* Fed. R. App. P. 29(f).

4.  Additionally, Mr. Auernheimer strongly opposes the government's request that the briefing schedule be stayed pending disposition of this request.

Mr. Auernheimer is currently serving a 41-month prison sentence and can only be set free when this Court rules on the merits of his case. It would be a cruel irony if the "serious substantive challenges to the Government's prosecution" raised in Mr. Auernheimer's brief were used as a justification to further delay the day when this Court can decide his case.

5. The government has already sought and received one extension by this Court to file its merits brief. This Court should not allow an additional delay by staying the briefing schedule. The government is still able to work on its responses to Mr. Auernheimer's arguments (as opposed to the *amici*) while waiting for this Court to rule on its request. Given this Court's order authorizing a stay and permitting the government to file its reply brief 14 days after the court rules on the motion, the government has already received an extension of time from its original filing date of August 9, 2013, regardless of whether the Court grants the government's request for extra words.

6. In sum, the existence of *amici* briefs does not remotely justify permitting the government an additional 12,500 words or staying the briefing schedule. Mr. Auernheimer does not oppose giving the government an extra 1,000 words to respond to the arguments raised in the *amici* briefs. But anything more than that should be denied. So too should the government's request for the briefing schedule to be stayed more than it already has.

7.     Should the Court grant the government's request in full, giving it the requested additional 12,500 words, Mr. Auernheimer requests this Court grant him additional space in his reply brief to respond to these additional arguments rather than causing further delay and briefing by having each *amici* request an opportunity to file a reply brief responding to the government's arguments. An adequate amount of extra space would be an additional 6,300 words – 90% of the otherwise routine 7,000 word limit – for a total reply brief length of 13,300 words, ensuring both parties receive additional space in roughly the same proportion. *See* Fed. R. App. P. 32(a)(7)(B)(ii).

Dated this 5th day of August, 2013.

                              Respectfully submitted,

                              /s/ Hanni M. Fakhoury
                              Hanni M. Fakhoury
                              ELECTRONIC
                              FRONTIER FOUNDATION
                              815 Eddy Street
                              San Francisco, CA 94109

                              Orin S. Kerr
                              2000 H Street, N.W.
                              Washington, DC 20052

                              Marcia C. Hofmann
                              LAW OFFICE OF
                              MARCIA C. HOFMANN
                              25 Taylor Street
                              San Francisco, CA 94102

Tor B. Ekeland
Mark H. Jaffe
TOR EKELAND, P.C.
155 Water Street
Brooklyn, NY 11201

Attorneys for Defendant-Appellant Andrew Auernheimer

5

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on August 5, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 5, 2013                By:  /s/ Hanni Fakhory
                                          Hanni M. Fakhoury
                                          ELECTRONIC
                                          FRONTIER FOUNDATION

                                          *Attorney for Defendant-
                                          Appellant Andrew Auernheimer*