# United States Court of Appeals

*for the*

# Third Circuit

Case No. 13-4260

EDDIE MCBRIDE; LEONARD RILEY, JR.; EDDIE KNIGHT;
CHARLES S. MILLER-BEY

– v. –

INTERNATIONAL LONGSHOREMAN ASSOCIATION,

*Appellant*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF DELAWARE, CASE NO. 1-01-CV-00005, JUDGE LEONARD P. STARK

## BRIEF AND APPENDIX FOR DEFENDANT-APPELLANT
### Volume 1 of 2 (Pages A-1-A-20)

MARRINAN & MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, New York 10004
(212) 425-3240

*Attorneys for Defendant-Appellant*

## CORPORATE DISCLOSURE STATEMENT
## AND STATEMENT OF FINANCIAL INTEREST

None of the parties in this case is a corporation, and no corporations of any

kind have a financial interest in this proceeding.

1003-079
35837

# TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .....1

ISSUES PRESENTED FOR REVIEW ...................................................................1

STATEMENT OF RELATED CASES AND PROCEEDINGS.............................2

STATEMENT OF THE CASE...............................................................................3

ARGUMENT ..........................................................................................................8

I.  THE DISTRICT COURT ERRED WHEN IT

    IGNORED THE APPELLATE MANDATE .......................................................8

    A. STANDARD OF REVIEW ...............................................................................8

    B. THIS COURT'S DECISION AND MANDATE...................................................8

    C. THE MANDATE NEGATED THE AWARD OF ATTORNEY'S FEES ......................10

    D. THE APPELLATE MANDATE DID NOT AUTHORIZE FURTHER
       PROCEEDINGS ON KNIGHT'S LMRDA DUE PROCESS CLAIM ........................13

II. THE DISTRICT COURT ERRED AS A MATTER OF LAW

    WHEN IT RULED THAT KNIGHT WAS A PREVAILING

    PARTY ON HIS LMRDA DUE PROCESS CLAIM .......................................16

    A. STANDARD OF REVIEW...............................................................................16

    B. KNIGHT DID NOT RECEIVE ANY ENFORCEABLE JUDGMENT ON
       HIS DUE PROCESS CLAIM AND THEREFORE DID NOT PREVAIL ......................17

    C. KNIGHT IS NOT A PREVAILING PARTY ON
       HIS LMRDA § 101(A)(5) DUE PROCESS CLAIM............................................18

III. INTERIM ORDERS BEFORE A FINAL JUDGMENT

    CANOT SERVE AS A BASIS FOR ATTORNEY'S FEES .............................22

    A. REMAND FOR A NEW HEARING
       DOES NOT CONFER PREVAILING PARTY STATUS............................................23

    B. PRELIMINARY INJUNCTIVE RELIEF
       DOES NOT CONFER PREVAILING PARTY STATUS............................................24

    C. INTERIM ORDERS .......................................................................................26

    D. KNIGHT MUST PAY BACK THE FEES THAT THE ILA ALREADY
       PAID FOR TIME EXPENDED ON THE DUE PROCESS CLAIM ON APPEAL ..........29

CONCLUSION .....................................................................................................31

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*A.M. Capen's Co., Inc. v. Am. Trading and Production Corp.*,
   200 F. Supp. 2d 34 (D.P.R. 2002) ........................................................................14

*Bly v. McLeod*, 605 F.2d 134 (4th Cir. 1979) .................................................. 20, 21

*Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304 (1948) .............................. 10, 14, 16

*Buckhannon Bd. and Care Home v. W. Va. Dep't of Health
   & Human Resources*, 532 U.S. 598 (2001) ............................................ 19, 20, 22

*Casey v. Planned Parenthood*, 14 F.3d 848 (3d Cir. 1994)....................................10

*Clark v. Twp. of Fall*, 890 F.2d 625 (3d Cir. 1989)................................................27

*Dahlem v. Bd. of Educ. of Denver Pub. Sch.*,
   901 F.2d 1508 (10th Cir. 1990) ...........................................................................28

*Dale M. v. Board of Education of Bradley-Bourbonnais
   High School District No. 307*, 282 F.3d 984 (7th Cir. 2002) ..............................29

*Dike v. School Bd.*, 650 F.2d 783 (5th Cir. 1981)...................................................12

*Doe v. Busbee*, 684 F.2d 1375 (11th Cir. 1982) ....................................................27

*Doe v. Chao*, 511 F.3d 461 (4th Cir. 2007) ...........................................................14

*Driver Music Co. v. Commercial Union Ins. Cos.*,
   94 F.3d 1428 (10th Cir. 1996) .............................................................................17

*DuBuit v. Harwell Enterprises, Inc.*,
   540 F.2d 690 (4th Cir. 1975) ...............................................................................15

*Farrar v. Hobby,* 506 U.S. 103 (1992) ...................................................... 19, 22, 26

*GCIU Retirement Fund v. Chicago Tribune Co.*, No. 86-7815,
   1996 U.S. Dist. LEXIS 16098 at *3 (N.D.Ill. October 28, 1996) .......................30

*Globe Newspaper Co. v. Beacon Hill Architectural Comm'n*,
   100 F.3d 175 (1st Cir. 1996)...............................................................27

*Gonzales v. Fairfax-Brewster School, Inc.*,
   569 F.2d 1294 (4th Cir. 1978) .............................................................15

*Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979) .............................................20

*Hanrahan v. Hampton*, 446 U.S. 754 (1980).................................................... 20, 28

*Harris v. Pirch*, 677 F.2d 681 (8th Cir. 1982) .......................................................11

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .............................................................19

*Huemmer v. Ocean City*, 632 F.2d 371 (4th Cir. 1980).........................................12

*Huffman v. Saul Holdings Ltd. P'ship*,
   262 F.3d 1128 (10th Cir. 2001) ...........................................................14

*In re Diet Drugs Prod. Liab. Litig.*, 401 F.3d 143 (3d Cir. 2005)...........................30

*Kentucky v. Graham*, 473 U.S. 159 (1985)............................................................26

*Kilbarr Corp. v. Bus. Sys. Inc.*, 990 F.2d 83 (3d Cir. 1993).....................................8

*Kingsdown Medical Consultant Ltd. v.
   Hollister, Inc.*, 1989 U.S. App. LEXIS 1179,
   No. 89-1103 (10th Cir. Feb. 6, 1989) ..................................................12

*Knight v. Int'l Longshoremen's Ass'n,*
   375 F. Supp. 2d 351 (D. Del. 2005)........................................................3

*Knight v. Int'l Longshoremen's Ass'n,*
   457 F.3d 331 (3d Cir. 2006) ...................................................................2

*Knight v. Int'l Longshoremen's Ass'n,*
   527 Fed. Appx. 187 (3d Cir. 2013).......................................................... 2, 4, 11

*Ladnier v. Murray*, 769 F.2d 195 (4th Cir. 1985)..................................................27

*Lee v. Terminal Transp. Co.*, 301 F.2d 234 (7th. 1962) .........................................16

*Marcum v. Dahl*, 535 F. Supp. 48 (W.D. Okla. 1981) ............................................15

*Maul v. Constan*, 23 F.3d 143 (7th Cir. 1994)........................................................24

*McDaniels v. Flick,* No. 92-932, 1998 U.S. Dist. LEXIS 10358
   (E.D. Pa. July 14, 1998)...................................................................................12

*McKinney v. Kelchner*, 348 Fed. Appx. 711 (3d Cir. 2009)....................................21

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) .............................................17

*NAACP v. Detroit Police Officers Ass'n*,
   46 F.3d 528 (6th Cir. 1995) .............................................................................27

*P. N. v. Clementon Bd. Of Educ.*, 442 F.3d 848 (3d. Cir 2006) .............................22

*Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir. 1986) ....................... 12, 27, 30

*Pawlak v. Greenawalt*, 713 F.2d 972 (3d Cir. 1983)...............................................17

*Pedigo v. P.A.M. Transport, Inc.*,
   98 F.3d 396 (8th Cir. 1998) .............................................................................11

*Perez v. Westchester County Dep't of Corr.*,
   587 F.3d 143 (2d Cir. 2009) ............................................................................17

*Polonski v. Trump Taj Mahal Assocs.*,
   137 F.3d 139 (3d Cir. 1998) ............................................................................17

*Pottgen v. Mo. State High Sch. Activities Ass'n*,
   103 F.3d 720 (8th Cir. 1997) ...........................................................................27

*Pressey v. Patterson*, 898 F.2d 1018 (5th Cir. 1990) .............................................27

*Public Interest Law Ctr. of Phila. v.*
   *Pocono Mt. Sch. Dist.*, 491 Fed. Appx. 316 (3d Cir. 2012) ................................21

*Ratay v. Lincoln Nat'l Life Ins. Co.*,
   405 F.2d 286 (3d Cir. 1968) ............................................................................10

*Rhodes v. Stewart*, 488 U.S. 1 (1988)....................................................................21

*Richardson v. Penfold,* 900 F.2d 116 (7th Cir. 1990).............................................30

*Rosenfeld v. United States,* 859 F.2d 717 (9th Cir. 1988) .......................................31

*Rowland v. Mad River Local School Dist.*, 770 F.2d 167, No. 83-3649,
    1985 U.S. App. LEXIS 14263 (6th Cir. July 12, 1985) ........................................11

*Royal Business Machines v. Lorraine Corp.*,
    633 F.2d 34 (7th Cir. 1980) ..................................................................................12

*Ruckelshaus v. Sierra Club,* 463 U.S. 680 (1983) ..................................................29

*Ruiz v. Estelle,* 609 F.2d 118 (5th Cir. 1980)..........................................................31

*Scott-Harris v. City of Fall River*, 134 F.3d 427 (1st Cir. 1997)............................11

*Shipes v. Trinity Indus., Inc.,* 883 F.2d 339 (5th Cir. 1989) ...................................30

*Skretvedt v. E.I. Dupont de Nemours,*
    372 F.3d 193 (3d Cir. 2004) .................................................................................11

*Smith v. Univ. of N.C.*, 632 F.2d 316 (4th Cir. 1980) ..............................................27

*Sole v. Wyner*, 551 U.S. 74 (2007)............................................................. 23, 25, 26

*Summit Valley Indus., Inc. v. Local 112, United Bhd. of
    Carpenters and Joiners*, 456 U.S. 717 (1982)......................................................17

*Swietlowich v. Bucks County*, 620 F.2d 33 (3d Cir. 1980) ............................... 20, 21

*United States Fidelity & Guaranty Company
    v. Perkins*, 388 F.2d 771 (10th. 1968) .................................................................16

*United States of Am. v. Bell*, 988 F.2d 247 (1st Cir. 1993)....................................14

*United States of Am. v. Johnson*, No. 99-4060,
    2000 U.S. App. LEXIS 8722, 3 (7th Cir. Apr. 27, 2000)....................................14

*United States of Am. v. Rivera-Martinez,*
    931 F.2d 148 (1st Cir. 1991)................................................................................14

*United States v. Bell*, 5 F.3d 64 (4th Cir. 1993)......................................................14

1003-079
35837

*Velius v. Township of Hamilton*,
  466 Fed. Appx. 133 (3d Cir. 2012)........................................................................15

*Ward v. County of San Diego*,
  791 F.2d 1329 (9th Cir. 1986) .............................................................................27

*Webster v. Sanders,* 846 F.2d 1032 (6th Cir. 1988) ...............................................31

*Wheeler v. John Deere Co.*,
  935 F.2d 1090 (10th Cir. 1991) .........................................................................12

## Statutes

28 U.S.C. § 1291 .......................................................................................................1
28 U.S.C. § 1331 .......................................................................................................1
29 U.S.C. § 411(a)(2) ...............................................................................................3
29 U.S.C. § 411(a)(5)........................................................................................ *passim*
29 U.S.C. § 412 .........................................................................................................1
29 U.S.C. § 529 .........................................................................................................3
42 U.S.C. § 1988 ................................................................................................ 26, 27
42 U.S.C. § 1988(b) ................................................................................................26

## BRIEF FOR DEFENDANT/APPELLANT

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

Jurisdiction below was based upon Section 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 412, and federal question jurisdiction, 28 U.S.C. § 1331.  Appellate jurisdiction is based upon 28 U.S.C. § 1291.  A memorandum order was entered in the district court on September 27, 2013.  (A-1). [1]  Defendant International Longshoremen's Association ("ILA") moved for reargument on October 10, 2013, and a memorandum order denying reargument was entered on October 23, 2013. (A-11).  Final judgment was entered in the district court on October 24, 2013.  (A-16).  Defendant ILA timely filed its notice of appeal on October 25, 2013.  (A-18).

## ISSUES PRESENTED FOR REVIEW

(1)    This Court's mandate denied Knight's LMRDA due process claim and upheld the union discipline imposed on Knight; this Court reversed the lower court's ruling and remanded with instructions to vacate the subsequent award of damages.  Did the district court err as a matter of law when, in light of this Court's mandate, it awarded Knight attorney's fees on his LMRDA due process claim?

---

[1] References to the Joint Appendix will be denoted "(A-___)."

This error was made in the district court's September 27, 2013 memorandum order.
(A-6, n.3).

(2)    Did the district court err as a matter of law when it ruled that Plaintiff
Eddie Knight was a  prevailing party on his LMRDA due process claim, even
though this Court had previously reversed the district court's ruling that Knight's
LMRDA § 101(a)(5) due process rights were violated, and remanded with
instructions to vacate the subsequent award of damages?  This error was made by
the district court in its September 27, 2013 memorandum order.  (A-4).  The error
was repeated in the district court's memorandum order dated October 23, 2013.
(A-12-13).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has previously been before this Court.  This Court's opinions can
be found at *Knight v. Int'l Longshoremen's Ass'n*, 457 F.3d 331 (3d Cir. 2006), and
at *Knight v. Int'l Longshoremen's Ass'n*, 527 Fed. Appx. 187 (3d Cir. 2013).  There
are no related cases pending in any court.

1003-079
35837

2

## STATEMENT OF THE CASE

This is a case about union discipline imposed on Knight by the ILA. Although this case has had a long and tortured history, the relevant background for this appeal is less than a year old.

A detailed history of the case can be found at *Knight v. Int'l Longshoremen's Ass'n*, 724 F.Supp.2d 480, 484-487 (D.Del. 2010). This lawsuit was filed in 2001 after Knight had been suspended from local union office for six months and ordered to re-pay $500 that he accepted from an ILA employer. Knight sought to overturn his discipline under various theories, and asked for compensatory damages and attorney's fees. After a bench trial, the district court concluded that Knight had not proven by a preponderance of the evidence that the ILA violated any of his rights under the LMRDA.[2] *Knight v. Int'l Longshoremen's Ass'n,* 375 F. Supp. 2d 351, 360 (D. Del. 2005). Knight appealed, and with respect to his due-process claim, this Court reversed the decision of the district court, and remanded for further proceedings. *Id.* at 346. The remand was conducted by the ILA's Ethical Practices Officer who held that Knight engaged in conduct detrimental to the ILA when he accepted money from an employer of ILA members, and upheld

---

[2] Knight claimed that his discipline violated §§ 101(1)(2), 101(a)(5), and 609 of the LMRDA, 29 U.S.C. §§ 411(a)(2), 411(a)(5), and 529. The claims related to Knight's discipline represent most of the hours billed in this case. All claims relating to overturning Knight's discipline were ultimately unsuccessful.

Knight's discipline.  But Knight objected, and after a second trial, the district court

ruled in Knight's favor on his LMRDA § 101(a)(5) due process claim.[3]  *Knight*,

724 F.Supp.2d at 491-492.  The district court awarded Knight damages in the

amount of $500, plus interest, together with attorney's fees in the amount of

$295,971.87.[4]

      Both parties appealed to this Court.  The ILA argued that Knight's discipline

was proper and the second hearing complied with due process, and therefore,

Knight was not entitled to any damages.  The ILA also noted that if the ILA won its

appeal on the issue of liability and damages, then Knight would no longer be a

"prevailing party" entitled to attorney's fees for his LMRDA § 101(a)(5) claim.

Knight argued that his due-process rights were violated and he was entitled to

additional compensatory and punitive damages.  *See generally, Knight,* 527 Fed.

Appx. 187.

      On May 31, 2013, this Court reversed the district court's decision that

Knight's due process rights under LMRDA § 101(a)(5) had been violated, ruling as

follows: "that the order of the said District Court entered on July 14, 2010, is

hereby REVERSED (at Case No. 10-3486) as to its finding that Knight had not

---

[3] The second trial also involved primarily Eddie Knight's disciplinary claims. Although the other Plaintiffs renewed their claim for damages, the district court denied them.  Indeed, Plaintiff Riley did not even attend the second trial.

[4] Knight had previously requested, and received, an award of $64,285 in attorney's fees from this Court for time expended on the 2006 appeal.

been given sufficient notice of the conduct with which he was charged, and REMANDED with instructions to vacate the subsequent award of damages. We AFFIRM (at Case No. 10-3426) the District Court's order, in all other aspects." (A-380).

On June 7, 2013, before the mandate was sent to the district court, but after Knight realized he had lost on appeal, Knight filed a motion with the district court seeking proceedings against the ILA's surety to pay Knight $251,615.82 out of the ILA's supersedeas bond or in the alternative, to force the ILA to purchase a new supersedeas bond.  (A-39, Docket #230).  Knight took the position that he was still entitled to the lion's share of the attorney fee award that had entered in 2012 because he was still a prevailing party on all his claims despite this Court's May 31, 2013 reversal.  On June 21, 2013, the ILA filed its opposition to Knight's motion, arguing that the court lacked jurisdiction to act before the mandate issued. (A-39, Docket #232).  On June 25, 2013, this Court's mandate containing the same language as its judgment was entered on the district court's docket.  (A-39, Docket #233).  The mandate gave no instructions for further proceedings.

On June 27, 2013, Knight filed his reply brief in support of his motion for proceedings against the ILA's surety.  Without any notice, Knight used his reply brief to change his requested relief mid-stream and asked the district court to issue a new judgment awarding attorney's fees in order to replace the judgment that had

been nullified by the reversal of this Court. Knight contended that he was entitled to recover for fees expended on his losing the LMRDA due process claim. He argued that he was a prevailing party on his LMRDA § 101(a)(5) due process claim since he had a transient victory, even though he did not ultimately prevail on the merits. (A-40, Docket #234).

On June 28, 2013, the ILA filed a Rule 60(b)(5) motion for relief from the March 2012 fee award. The ILA then asked the district court for leave to file a surreply to Knight's motion in order to respond to the new relief that was requested for the first time in Knight's reply brief.

On September 27, 2013, the district court entered its memorandum order denying Knight's motion for proceeding against the surety, and denying the ILA's motion for relief from judgment pursuant to Rule 60(b)(5), but still deciding to issue a new fee award to Knight in the amount of $251,029.82, which represented only a $44,942.05 reduction (approximately 15%) from what was Knight had been awarded in 2012 before his due-process victory claim had been reversed by this Court. The ILA's request, pursuant to Rule 54(d)(2)(C), for adversary submissions on the issue of attorney's fees was also denied. (A-9, n.5). The ILA then moved for reargument, which the district court denied on October 24, 2013. (A-11). The ILA filed its notice of appeal on October 25, 2013. (A-18).

## SUMMARY OF ARGUMENT

Less than one year ago, this case was before this Court.  The ILA argued that the union discipline imposed on Knight complied with the due process provisions of the LMRDA.  This Court agreed with the ILA's position, and at the end of the day Knight did not prevail on his LMRDA due process claim.

Under this Court's mandate, the district court had no authority to issue a new award of attorney's fees for hours expended pursuing Knight's unsuccessful due process claim.  Because this Court's mandate finally resolved Knight's due process claim, the district court had no authority to consider and award attorney's fees for the billable hours expended on that claim.

Second, The district court issued this new award of attorney's fees based upon the erroneous ruling that Knight was a "prevailing party" on his LMRDA § 101(a)(5) due process claim because his first disciplinary hearing in front of a union tribunal was found to have been procedurally flawed, and the charges were remanded to the ILA for a second disciplinary hearing.

Knight was not a prevailing party on his due process claim.  Knight's relationship with the ILA was not altered at all.  Knight's discipline was not overturned—indeed it was upheld as proper.  His fine was not reduced or refunded, his suspension was not revoked, and despite seeking almost $500,000 in damages, Knight was awarded no damages (even nominal damages) or restitution for any

discipline that the ILA imposed.  Knight is in the same legal relationship with the

ILA now as he was in 2001 when he first filed his lawsuit.  Given this situation, it

was an error to say that Knight received an "enforceable judgment" against the

ILA on any of the several claims he originally brought with respect to his union

discipline—including his due process claim.

## ARGUMENT

## I.

## THE DISTRICT COURT ERRED WHEN IT
## IGNORED THE APPELLATE MANDATE

### A.    Standard of Review

Failure to follow the appellate court's mandate is an error of law, and this

Court's review is plenary.  *Kilbarr Corp. v. Bus. Sys. Inc.*, 990 F.2d 83, 87-88 (3d

Cir. 1993) (district court's interpretation and application of appellate mandate is

subject to plenary review).

### B.    This Court's Decision and Mandate

On May 31, 2013, this Court reversed the district court's ruling that Knight's

due process rights under LMRDA § 101(1)(5) had been violated.  This Court

instructed the district court to vacate the subsequent award of damages.  This Court

affirmed the lower court's July 14, 2010, decision in all other respects, thereby

completely denying Knight's appeal.

1003-079
35837

Confronted by the realization that he no longer had an award of attorney's fees, Knight filed a motion in district court to either proceed against the ILA's surety or for an order requiring the ILA to obtain a new supersedeas bond.  The ILA filed its opposition contending that since the mandate had not yet issued the district court lacked jurisdiction.

When this Court's mandate issued, it stated as follows: "that the order of the said District Court entered on July 14, 2010, is hereby REVERSED (at Case No. 10-3486) as to its finding that Knight had not been given sufficient notice of the conduct with which he was charged, and REMANDED with instructions to vacate the subsequent award of damages. We AFFIRM (at Case No. 10-3426) the District Court's order, in all other aspects." (A-380).  Thus, the mandate remanded the case to the district court with specific instructions to take one action and one action only:  to vacate the subsequent award of damages.

After the mandate issued, Knight sought to have the lower court enter a new award of attorney's fees, including fees spent in connection with the LMRDA due process claim: the very claim that this Court had reversed.  The ILA filed a motion for relief from judgment.  The lower court held that the mandate did not prevent the court from conducting proceedings on a new application for attorney's fees for Knight's LMRDA due process claim.  In doing so, the court erred as a matter of law since the mandate did not instruct the district court to hold further proceedings

on attorney's fees—or any other issue.  And when read with this Court's opinion, it is clear that this Court had ruled against Knight on the merits, thereby foreclosing the possibility of fees on Knight's due process claim.

**C.    <u>The Mandate Negated The Award of Attorney's Fees</u>**

The Supreme Court of the United States has firmly established that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948) (district court had no authority to grant post-verdict interest when mandate did not so specify).  Likewise, this Court has observed that the mandate rule "binds every court to honor rulings in the case by superior courts." *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir. 1994).

Under the mandate rule, "a trial court must comply strictly with the mandate directed to it by the reviewing court." *Ratay v. Lincoln Nat'l Life Ins. Co.*, 405 F.2d 286, 288 (3d Cir. 1968).  This Court has noted that the Supreme Court of the United States has "consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Casey*, 14 F.3d at 856, *quoting Briggs,* 334 U.S. at 306.   Moreover, in this very case, this Court noted that it has "consistently rejected such attempts to litigate on remand issues . . . that were not explicitly or implicitly remanded for further proceedings." *Knight,* 527 Fed.

Appx. at 189, *citing Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004).

The reversal of the district court's July 14, 2010 decision necessarily nullified all orders and judgments based upon the July 14, 2010, order, including Knight's award of attorney's fees and costs.[5]  It is the general rule that a reversal of a "judgment negates the judgment and any orders based upon it," including an award of attorney's fees.  *See, e.g., Pedigo v. P.A.M. Transport, Inc.*, 98 F.3d 396, 398 (8th Cir. 1998) (in general a reversal of judgment nullifies not only that judgment but any order based upon it); *Scott-Harris v. City of Fall River*, 134 F.3d 427, 443 (1st Cir. 1997) ("because the judgment against it must be reversed, see supra Part V, the fee award against it must be nullified."); *Harris v. Pirch*, 677 F.2d 681, 689 (8th Cir. 1982)( "The district court's grant of attorney's fees is nullified by this reversal. 'A reversal of an entire judgment negates the judgment and any orders based upon it.'"); *Rowland v. Mad River Local School Dist.*, 770 F.2d 167, No. 83-3649, 1985 U.S. App. LEXIS 14263 (6th Cir. July 12, 1985) ("the reversal of the underlying civil rights judgment negates a subsequent section 1988

---

[5] The original award of fees was entered by the district court in 2012 based in large part on a determination that Knight was a prevailing party on his LMRDA due process claim.  (A-317-318, Docket #222 at 7-8).  The ILA filed notices of appeal from both the July 14, 2010 memorandum decision and the March 29-30, 2012 order and judgment awarding damages and attorney's fees.  In its brief to this Court the ILA argued that a reversal of the lower court's decision would mean that Knight was no longer a prevailing party entitled to a fee award.  (ILA Brief filed 8/9/12, at 1, n.1).  Knight did not challenge this contention in his own briefs.

fee award"); *Palmer v. City of Chicago*, 806 F.2d 1316, 1320 (7th Cir. 1986) ("The plaintiffs, we now know, have lost this case; and when a judgment on which an award of attorney's fees to the prevailing party is based is reversed, the award, of course, falls with it."); *Dike v. School Bd.*, 650 F.2d 783, 787 (5th Cir. 1981) ("The board concedes that reversal of the dismissal would require reversal of the award of attorneys' fees."); *Royal Business Machines v. Lorraine Corp.*, 633 F.2d 34, 49 (7th Cir. 1980); *Huemmer v. Ocean City*, 632 F.2d 371, 373 (4th Cir. 1980) ("Our order reversing the judgment as to the City also vacates the award of counsel fees."); *McDaniels v. Flick,* No. 92-932,1998 U.S. Dist. LEXIS 10358 (E.D. Pa. July 14, 1998) (reversal of judgment nullifies any order based upon it); *Kingsdown Med. Consultant Ltd. v. Hollister, Inc.*, No. 89-1103, 1989 U.S. App. LEXIS 1179 (10th Cir. Feb. 6, 1989) (attorney's fee award based on a reversed judgment must be vacated); *see also Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) ("A judgment reversed by a higher court is without any validity, force or effect and ought never to have existed").  Thus, this Court's mandate was clearly a reversal of both the judgment on the due process claim and the subsequent fee award.  Moreover, the mandate precluded the district court from re-awarding fees expended on a claim that has been reversed by this Court.

**D.    The Appellate Mandate Did Not Authorize Further
        Proceedings on Knight's LMRDA Due Process Claim**

Knight conceded to the district court that the 2012 award of fees was no longer valid in light of this Court's reversal.  (A-40, Docket #241 at 2).  Despite this admission, the district court entertained his motion and entered a new fee award in only a slightly reduced amount.  But because there was no remand for a new determination of attorney's fees on the LMRDA due process claim, the lower court lacked jurisdiction to hold such proceedings.

The district court agreed that the mandate did not direct new proceedings on attorney's fees.  (A-6, n. 3).  However, the lower court erroneously ruled that it was free to undertake any new proceedings so long as the mandate did not specifically forbid it from doing so: "While there is no express direction from that Court that this Court undertake further proceedings, there is also nothing from that Court to preclude this Court from doing so, as necessary." (A-6, n.3).  The district court cited no authority for this ruling, and indeed, the ruling was in error.  This Court's reversal negated the judgment and the fee award with respect to the LMRDA due process claim.  Absent express direction from this Court, the lower court was foreclosed from conducting further proceedings on the award of counsel fees for this claim.

The district court was restricted by this Court's mandate from undertaking any proceedings beyond those specifically authorized.  *See, e.g., Briggs,* 334 U.S.

at 306 (district court was not entitled to award post-verdict interest when mandate made no provision for such interest); *United States of Am. v. Johnson*, No. 99-4060, 2000 U.S. App. LEXIS 8722, 3 (7th Cir. Apr. 27, 2000) ("the district court had no authority to act beyond the scope of our mandate and conduct a resentencing de novo"); *A.M. Capen's Co., Inc. v. Am. Trading and Production Corp.*, 200 F. Supp. 2d 34, 46 (D.P.R. 2002) ("when a case is remanded for a specific act, the entire case is not reopened, but rather the lower tribunal is only authorized to carry out the appellate court's mandate, and the trial court may be powerless to undertake any proceedings beyond those specified."). *Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007) (district court was not free to deviate from mandate by reconsidering claims for attorneys' fees that had not been raised on appeal); *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).[6]  When this Court wants to remand for a determination of attorney's fees, it knows how to do so

---

[6] *Huffman v. Saul Holdings Ltd. P'ship,* 262 F.3d 1128, 1131 (10th Cir. 2001) (A lower court "must comply strictly with the mandate rendered by the reviewing court" and "may not deviate" from the mandate.); *United States of Am. v. Rivera-Martinez,* 931 F.2d 148, 150 (1st Cir. 1991) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it **must** be followed by the trial court on remand.")  (emphasis in original)).  Because this "mandate rule" is merely a "specific application of the law of the case doctrine," in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses re-litigation of issues expressly or impliedly decided by the appellate court. *United States of Am. v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993).  In addition, the rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived. *See id*. at 250.

explicitly.  *See, e.g., Velius v. Township of Hamilton*, 466 Fed. Appx. 133, 140 (3d

Cir. 2012).

The Court of Appeals for the Fourth Circuit, in a case where the district

court awarded attorney's fees after affirmance by the Court of Appeals, but the

mandate of the Court of Appeals was silent on the issue of attorney's fees, ruled

that the district court lacked jurisdiction to issue an award of attorney's fees.

*DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 693 (4th Cir. 1975) ("when we

affirmed the final judgment this put an end to the litigation and the district court

had no authority to reopen the case for the consideration of attorney fees or any

other purpose"); *cf. Marcum v. Dahl*, 535 F. Supp. 48, 49 (W.D. Okla. 1981)

("This [appellate mandate] does not provide for appellate attorney fees and

expenses nor does it direct this Court to ascertain and award the same . . . this

Court finds no authority to grant the relief requested by Defendants' Motion now

before it [that is, attorney's fees for time spent on appeal]"); *see Gonzales v.

Fairfax-Brewster School, Inc.*, 569 F.2d 1294, 1297 (4th Cir.  1978) ("Further

jurisdiction of the district court was dependent upon the terms of the appellate

mandate, and the court had no authority to reopen the case for the consideration of

attorneys' fees or to conduct any proceedings except those specifically authorized

by the appellate judgment."); *see also Lee v. Terminal Transp. Co.*, 301 F.2d 234

(7th. 1962) (post-judgment interest); *United States Fidelity & Guaranty Company v. Perkins*, 388 F.2d 771 (10th. 1968) (amending pleadings).

The lower court erred by undertaking proceedings beyond those specified by this Court.  In this case, the mandate made no allowance for issuance of a new award of attorney's fees on the LMRDA due process claim.  This Court issued a judgment reversing the lower court's decision and directing the vacation of the award of damages.  Knight cannot be heard to contend that the mandate did not preclude him from recovering fees that he expended on a losing claim.

The district court is bound by the terms of the Third Circuit's mandate; it cannot undertake any proceedings beyond those specified.  *See, Briggs,* 334 U.S. at 306.  Accordingly, the lower court erred when it ruled that it had jurisdiction to conduct a new determination of attorney's fees on the LMRDA due process claim.  Moreover, even if the Court had jurisdiction, Knight was not entitled to an award of attorney's fees on the due process claim, since he was not a prevailing party.

## II.

### THE DISTRICT COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT KNIGHT WAS A PREVAILING PARTY ON HIS LMRDA DUE PROCESS CLAIM

### A.    <u>Standard Of Review</u>

The district court erred when it ruled that Knight had prevailed on his due process claim under § 101(a)(5) of the LMRDA.  The determination of prevailing

party status is a question of law. *Perez v. Westchester County Dep't of Corr.*, 587 F.3d 143, 149 (2d Cir. 2009) ("Whether Plaintiffs are prevailing parties under *Buckhannon* is a question of law that we review *de novo*."); *Driver Music Co. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1432 (10th Cir. 1996) (Whether plaintiff was the "prevailing party" was question of law; district court's determination reviewed *de novo*). This Court's review of an error of law is plenary.

**B.    Knight Did Not Receive Any Enforceable Judgment On His Due Process Claim And Therefore Did Not Prevail**

It is well established that the traditional American rule disfavors the award of attorney's fees in the absence of statutory or contractual authorization. *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 145 (3d Cir. 1998), *citing Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters and Joiners*, 456 U.S. 717, 721 (1982). The LMRDA does not make any provision for fee-shifting. Under the exercise of its equitable powers, however, a federal court may fashion an attorney's fee award to **successful** litigants who confer a common benefit upon a class of individuals not participating in the litigation. *Polonski*, 137 F.3d at 139, *citing Mills v. Electric Auto-Lite Co*., 396 U.S. 375, 391-92 (1970). Therefore, to recover attorney's fees under the LMRDA, a claimant must be a prevailing party and his lawsuit must provide a common benefit to all union members. *See Pawlak v. Greenawalt*, 713 F.2d 972, 980 (3d Cir. 1983).

In this case, the district court recognized that Knight must be a prevailing party on his LMRDA due process claim in order to recover fees under the LMRDA.  But the district court erroneously ruled that Knight was a prevailing party with respect to his due process claim under § 101 (a)(5) of the LMRDA.  (A-4).  The district court erroneously ruled that Knight was a "prevailing party" on his due process claim simply because he had received a new disciplinary hearing, even though after he received his new hearing his discipline was upheld and he received no damages or permanent injunction.  (A-4).

**C.    Knight Is not a Prevailing Party On
His LMRDA § 101(a)(5) Due Process Claim**

Despite the fact that this Court explicitly reversed the lower court's ruling that Knight's due process rights had been violated and remanded with instructions to vacate the damage award, the district court still held that Knight had "prevailed" on his due process claim simply because his disciplinary charges were remanded to the ILA for a new hearing before a new hearing tribunal.  (A-4).  The district court cited no authority for the proposition that a remand for a new hearing is sufficient to render the plaintiff a prevailing party and, indeed, the court ignored clear precedent from the Supreme Court and this Court.

Both the Supreme Court and this Court have noted that in order for a plaintiff to be a prevailing party, there must be actual relief on the merits of the claim that materially alters the legal relationship between the parties by modifying

the defendant's behavior in a way that directly benefits the plaintiff. *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992). Also, no material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment or consent decree against the defendant. *Id*. at 111.

The Supreme Court distilled its prior holdings into a definition of what is required for prevailing party status in *Buckhannon Bd. & Care Home Inc. v. West Virginia Dept. of Health Human Res.*, 532 U.S. 598, 603-04 (2001).[7] The Court held that a plaintiff can only be a prevailing party if he has received an "enforceable judgment on the merits." *Id.* at 604. The Court reasoned that enforceable judgments on the merits "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.*

*Buckhannon's* conclusion is consistent with the Supreme Court's policy, restated on many occasions, that "[a] request for attorney's fees should not result in a second major litigation." *Buckhannon*, 532 U.S. at 609 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Requiring a final, enforceable judgment on the merits that directly benefits the plaintiff before the plaintiff can call himself a prevailing party is one way to avoid drawn-out fee disputes, because it eliminates

---

[7] The Supreme Court overruled 20 years of circuit-court law and rejected the "catalyst theory" as a basis for determining prevailing-party status under federal fee-shifting statutes. Under the catalyst theory, a plaintiff could be considered a prevailing party when he achieved the desired result because the lawsuit had brought about a voluntary change in the defendant's conduct without any judgment or court-ordered consent decree. *Buckhannon*, 523 U.S. at 605.

the need to make an inquiry into the interlocutory orders that issued over the course of a long litigation.  *See Buckhannon*, 532 U.S. at 609-610.  (Supreme Court avoids interpretations of fee-shifting that would spawn a second litigation of significant dimensions.)

The situation in *Hanrahan v. Hampton*, 446 U.S. 754 (1980) is also analogous. In that case, the plaintiffs alleged violations of their constitutional rights, and the district court granted defendants a directed verdict after trial.  *Id.* at 755.  The Court of Appeal reversed and remanded for a new trial.  *Id; Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979).  The Seventh Circuit also awarded attorney's fees to the plaintiff as the "prevailing party," but the Supreme Court reversed, holding that the "respondents have of course not yet prevailed on the merits of any of their claims . . . As is true of other procedural or evidentiary rulings, these determinations may affect the disposition on the merits, but were themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees . . ." *Id.* at 759, citing *Swietlowich v. Bucks County*, 620 F.2d 33, 34 (3d Cir. 1980); *see Bly v. McLeod*, 605 F.2d 134, 138 (4th Cir. 1979) (court of appeal's decision to vacate lower court's dismissal and remand for further proceedings did not make plaintiffs prevailing parties).

In *Swietlowich*, *supra*, which was cited by the Supreme Court in *Hanrahan*, this Court reached a similar conclusion after it had vacated a trial judgment

because of errors in the jury instructions and remanded for a new trial.  620 F.2d at 34.  This Court observed:  "The plaintiff, therefore, is no closer to a verdict in her favor than she was before the first trial began, and there is no assurance that she will ever receive damages, the only relief requested." *Id.* citing *Bly v. McLeod*, 605 F.2d 134 (4th Cir. 1979) (procedural successes do not entitle plaintiffs to fee award if they do not ultimately prevail on the merits).

Applying this test, this Court has held that as a result, an award of no damages can never confer prevailing party status. *McKinney v. Kelchner*, 348 Fed. Appx. 711, 713 (3d Cir. 2009) *citing Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curium) ("Unfortunately for McKinney, he was awarded no damages at all, not even nominal damages, and the judgment cannot be said to have altered his relationship with the defendants, if for no other reason than the fact that he is no longer incarcerated at the prison where they work, and therefore has no relationship with the defendants at all anymore.")  "'[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Public Interest Law Ctr. of Phila. v. Pocono Mt. Sch. Dist.*, 491 Fed. Appx. 316, 318-319 (3d Cir. 2012) (district court's order was nominally in plaintiff's favor but he was precluded from enforcing that order by the voluntary settlement agreement), *citing P. N. v. Clementon Bd. Of Educ.*, 442 F.3d 848, 855

(3d. Cir 2006) *quoting Farrar*, 506 U.S. at 111-12.  Here, it is undisputed that

Knight received no enforceable judgment in his favor on the LMRDA due process

claim.

## III.

## INTERIM ORDERS BEFORE A FINAL JUDGMENT CANNOT SERVE AS A BASIS FOR ATTORNEY'S FEES

The district court ruled that simply getting a new hearing panel somehow

transformed Knight into a prevailing party; the district court noted that after the

first appeal this Court ordered that Knight receive a new hearing, using procedures

approved by the Court in order to safeguard Knight's due process rights.  (A-4).

The lower court ignored the fact that after receiving the new hearing, this Court

denied Knight's due process claim.  Thus, at the end of the day, Knight's

suspension was upheld.  His fine was upheld.  Knight was denied compensatory

and punitive damages.  This Court held that Knight was not entitled to back pay.

Knight was not even awarded nominal damages.

He did receive a new hearing, but a new hearing tribunal does not create "a

material alteration of the legal relationship between the parties."  *See Buckhannon,*

532 U.S. at 604.  What matters is what Knight ended up with:  despite asking for

almost $500,000, Knight received no damage award at all, not even nominal

damages.  Nor did he receive any permanent injunctive relief with regard to his

discipline: he was not reinstated to office and his discipline was not overturned.

1003-079
35837

22

As the Supreme Court noted in *Sole v. Wyner*, 551 U.S. 74 (2007), this type of ephemeral victory does not confer prevailing party status. *Sole*, 551 U.S. at 86, (where initial victory was ephemeral, plaintiff has won a battle but lost the war).

A.    **Remand For A New Hearing**
      **Does Not Confer Prevailing Party Status**

Obtaining a new hearing that simply upholds the discipline from the first hearing is not relief that directly benefits Knight in any way. Indeed, the relevant case law makes this clear. The Supreme Court addressed the issue of remand in the due process context in *Hewitt v. Helms,* 482 U.S. 755 (1987). There, Helms sued prison officials, alleging that his due process rights had been violated in a disciplinary hearing. In an interlocutory appeal, the court of appeals concluded that Helms's due process rights were violated and remanded with instructions to enter summary judgment for Helms unless the defendants established immunity.

On remand, the district court granted judgment for defendants on grounds of immunity. Helms sought attorney's fees, which the appellate court authorized, finding that Helms was a prevailing party because the appellate holding that his constitutional rights were violated was a "form of judicial relief" akin to a declaratory judgment. *See id.* at 760.

The Supreme Court reversed. It held that treating that interlocutory decision as a judgment on the merits would "deprive[] the defendant of valid defenses to a

declaratory judgment to which he is entitled," including equitable defenses. *Id.* at

762.  The Supreme Court observed:

> As a consequence of the present lawsuit Helms received
> nothing from the defendants.  The only "relief" he received was the
> moral satisfaction of knowing that a federal court concluded that his
> rights had been violated.

*Id*. at 761-762.

Thus, *Hewitt* makes clear that a judicial ruling addressing some component

of the merits that does not become an actual judgment on the merits or other court-

enforced resolution of the plaintiff's claim is insufficient to confer prevailing-party

status.  The *Hewitt* case involved a remand that is even more substantive than the

one here because it directed a certain result rather than directing a new hearing.

Like *Hewitt*, Knight cannot be held to have prevailed simply based upon the moral

satisfaction of showing that there were procedural flaws in first hearing when he

ultimately could not show any compensable injury or obtain permanent injunctive

relief.  *See Maul v. Constan*, 23 F.3d 143, 146 (7th Cir. 1994) (in order to obtain

fees, plaintiff's victory must entail something more than a determination that a

constitutional guarantee was infringed).

## B.    Preliminary Injunctive Relief <u>Does Not Confer Prevailing Party Status</u>

The district court characterized the remand for a new hearing as "injunctive

relief." (A-4).  But Knight does not fare any better under this characterization.  The

district court does not cite any authority for calling the remand order an injunction, but even if the remand were injunctive, it was by no means a permanent injunction that Knight can now enforce against the ILA to his benefit.

In *Sole, supra*, 551 U.S. at 74, the Supreme Court held that a civil-rights plaintiff who obtained a preliminary injunction but was denied a permanent injunction does not qualify as a prevailing party. The Court held that prevailing party status "does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Id.* at 83. As the Court explained: "A plaintiff who achieves a transient victory at the threshold of an action can gain no award under [a "prevailing party"] fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse empty handed." *Id.* at 77.

The Court explained that the eventual ruling on the merits superseded the preliminary ruling that had awarded a preliminary injunction to the plaintiff. The Court stated that the "temporary success" that the plaintiff had received "rested on a premise the District Court ultimately rejected." "[A]t the end of the fray," according to the Court, the defendants' challenged rule that would have banned the plaintiff's display "remained intact," and the plaintiff "had gained no enduring 'chang[e] [in] the legal relationship' between herself and the state officials she sued." Therefore, the plaintiff in *Sole* was not a "prevailing party" under 42 U.S.C.

§ 1988(b), because "her initial victory was ephemeral," having won a battle but lost the war. *Sole*, 551 U.S. at 86.

The rule is the same for a plaintiff such as Knight who has received a remand for a new hearing. Indeed, a plaintiff who obtains a remand has done even less than one who has gotten a preliminary stay. Knight obtained no prediction of ultimate success on the merits, he only got continuing litigation of his claim. If a plaintiff who obtains a preliminary injunction is not a prevailing party, then surely one who only obtains a remand for a new hearing is not.

The Court held that a judicial ruling cannot confer prevailing-party status simply by touching on the merits of the claim or temporarily preventing the defendant from enforcing its laws against a plaintiff. As the Supreme Court observed in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against . . . on the merits, § 1988 does not authorize a fee award against that defendant." *Id.; see also Farrar v. Hobby,* 506 U.S. 103 (1992) (any relief obtained must directly benefit plaintiff at time of judgment).

## C.    <u>Interim Orders</u>

Every court of appeals that has considered the question has squarely held that a party may not recover attorney's fees, for a remand order or, indeed, a favorable final judgment, that is reversed, dissolved, or undercut by a subsequent

decision. "[W]hen a judgment on which an award of attorney's fees to the prevailing party is based is reversed, the award, of course, falls with it." *Palmer,* 806 F.2d at 1320. This is because "it is [not] possible to win by losing," and "[t]he civil rights attorney's fees statute does not reward a plaintiff who brings an unmeritorious suit." *Id.* at 1321, 1323. *See, e.g. Clark v. Twp. of Fall*, 890 F.2d 625, 626 (3d Cir. 1989) ("In general, when a judgment in favor of a plaintiff is reversed on the merits, that party is no longer a "prevailing party" under 42 U.S.C. § 1988 and no longer entitled to attorney's fees"); *Globe Newspaper Co. v. Beacon Hill Architectural Comm'n*, 100 F.3d 175, 195 (1st Cir. 1996) (when a judgment is reversed, "that party is no longer a 'prevailing party'"; *Ladnier v. Murray*, 769 F.2d 195, 200 (4th Cir. 1985) (where judgment for plaintiff was reversed, plaintiff could no longer be considered prevailing party); *Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990) (same); *Pottgen v. Mo. State High Sch. Activities Ass'n*, 103 F.3d 720, 723-24 (8th Cir. 1997) (same); *see also Smith v. Univ. of N.C.*, 632 F.2d 316, 352 (4th Cir. 1980) (applying this rule to a preliminary injunction later reversed); *Doe v. Busbee*, 684 F.2d 1375, 1381 (11th Cir. 1982) ("plaintiffs who have obtained a preliminary injunction but ultimately do not succeed on the merits may not be considered prevailing parties"); *NAACP v. Detroit Police Officers Ass'n*, 46 F.3d 528, 529-30 (6th Cir. 1995) (same); *Ward v. County of San Diego*, 791 F.2d 1329, 1334 (9th Cir. 1986) (same); *Dahlem v. Bd. of Educ. of Denver*

*Pub. Sch.*, 901 F.2d 1508, 1512, 1514 (10th Cir. 1990) (plaintiff was not a "prevailing party" because the reversal of a companion case raising the same legal issues demonstrated that she would have lost on the merits).

Interim orders are inherently indeterminative of the ultimate outcome of a case. The Supreme Court has declined to confer prevailing-party status on the basis of interlocutory rulings precisely because preliminary success does not guarantee that a party will ultimately prevail. See *Hanrahan,* 446 U.S. at 758 (despite an interlocutory ruling in favor of plaintiffs, "[t]he jury may or may not decide some or all of the issues in favor of [the plaintiffs]. If the jury should not [ultimately] do so . . ., it could not seriously be contended that the [plaintiffs] had prevailed"); *Hewitt,* 482 U.S. at 760 (interlocutory rulings are "not the stuff of which legal victories are made").

Like a stay, a quasi-declaratory judgment, or preliminary injunction, a remand for a new hearing is an example of an interlocutory ruling that addresses an aspect of, but does not determine, the merits of a plaintiff's claim. Indeed, in a case like Knight's, where the court gave him a new hearing on procedural grounds, there is even less of an adjudication on the merits than in a case where a court has ruled on a preliminary injunction base upon a likelihood of success on the merits.

"[O]rdinary conceptions of just returns reject the idea that a party who wrongly charges someone with violations of the law should be able to force that

defendant to pay the costs of the wholly unsuccessful suit against it." *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685 (1983). There is no reason to shift fees in this case where, at the end of the day, the ILA had a right to impose reasonable discipline on Knight as a local officer who accepted a gift from an employer. The procedural flaws in the initial hearing did not cause any actual injury to Knight because they did not affect the propriety of his discipline.

Knight did not prevail on the merits of his § 101(a) (5) LMRDA due process claim; the judgment went against him and he has nothing he can enforce against the ILA. Thus, the district court erred when it ruled that "new hearing [given to Knight] using Court-approved procedures" was the sort of relief that "'materially altered' the legal relationship between Knight and Defendant." (A-8).

**D.    Knight Must Pay Back The Fees That The ILA Already Paid For Time Expended On The Due Process Claim On Appeal**

Moreover, because Knight did not ultimately prevail on his due process claim, he is obligated to pay back the portion of his interim fee award that was linked to his due-process claim.

When a defendant pays an award of fees – either interim or final – those fees must be refunded by the plaintiff if he does not ultimately prevail or if the plaintiff's victory is reversed on appeal. *See, e.g., Dale M. v. Board of Education of Bradley-Bourbonnais High School District No. 307*, 282 F.3d 984, 985 (7th Cir. 2002) (failure to refund a legal fee to which attorney was no longer entitled

1003-079
35837

because underlying order had been reversed was professional misconduct); *GCIU Retirement Fund v. Chicago Tribune Co.*, No. 86-7815, 1996 U.S. Dist. LEXIS 16098 at *3 (N.D.Ill. October 28, 1996) (when plaintiff's judgment was reversed on appeal, plaintiff was obligated to pay back fee award with interest, not just damage award).

This point is borne out by all the cases recognizing that interim fee awards can be immediately appealed if the defendant can show that the plaintiff is insolvent or otherwise unable to refund the payment if the appeal waits until the litigation's end. *See, e.g., In re Diet Drugs Prod. Liab. Litig.,* 401 F.3d 143, 160-161 (3d Cir. 2005) (an interim award of attorney's fees is reviewable by appeals court if plaintiffs were insolvent and unable to pay back fees should they be required to do so); *Richardson v. Penfold,* 900 F.2d 116, 118 (7th Cir. 1990) (interim award of attorney's fees was appealable under the collateral order doctrine because there was danger that fee award could not be easily refunded: because lawyer was now out of case, "the defendants may find it necessary to bring an independent action against her to get the fee back."); *Palmer,* 806 F.2d at 1319 (interim award of fees appealable because if City of Chicago had been forced to turn over fees to plaintiffs, it might not have be able to get the money back by means of an appeal from a final judgment years later); *Shipes v. Trinity Indus., Inc.,* 883 F.2d 339 (5th Cir. 1989); *Webster v. Sanders,* 846 F.2d 1032 (6th Cir.

1988); *Ruiz v. Estelle,* 609 F.2d 118, 120 (5th Cir. 1980) (an interim fee order may be reviewable when the "mere payment of the fees would make them unrecoverable."); *Rosenfeld v. United States,* 859 F.2d 717, 722 (9th Cir. 1988) (interim fee award not appealable because defendant did not show that fees would be unrecoverable if appeal waited until end of the case).

In this case, the ILA paid Knight $64,285 for fees expended on the first appeal.  To the extent those fees represent hours billed on Knight's unsuccessful due process claim, Knight's attorney is obligated to refund them to the ILA.

## CONCLUSION

For the foregoing reasons the district court's order imposing awarding attorney's fees should be reversed and the subsequent judgment vacated.

Date:  March 5, 2014                              Respectfully submitted,


/s/John P. Sheridan

Kevin Marrinan
John P. Sheridan
MARRINAN & MAZZOLA
  MARDON, P.C.
26 Broadway, 17th Floor
New York, New York 10004
(212) 425-3240
kmarrinan@mmmpc.com
jsheridan@mmmpc.com

*Attorneys for Defendant/Appellant
International Longshoremen's
Association, AFL-CIO*

## CERTIFICATION OF BAR MEMBERSHIP

Kevin Marrinan and John P. Sheridan certify that they are members of the

bar of the United States Court of Appeals for the Third Circuit.


Dated:  March 5, 2014


_____/s/Kevin Marrinan_____          _____/s/John P. Sheridan_____
Kevin Marrinan                               John P. Sheridan

## CERTIFICATE OF COMPLIANCE WITH
## FED. R. APP. P. 32(a) and L.A.R. 31.1.

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains 7,649 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. R. 32(a)(5) because:

> this brief has been prepared in a proportionally spaced typeface, using Microsoft Word 2010 14 Point, Times New Roman.

Certificate of Compliance with Electronic Filing Requirements:

1.      This brief complies with the electronic filing requirements of L.A.R. 31.1(c) because:

> a. the text of this electronic brief is identical to the text of the paper copies
>
> b. the Symantec Anti-Virus detection program has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: March 5,  2014

/s/John P. Sheridan
John P. Sheridan

1003-079
35837

33

**APPENDIX**
**VOLUME 1 OF 2**

i

## TABLE OF CONTENTS

**Page**

Memorandum Order, dated September 27, 2013,
Appealed From ......................................................    A-1

Memorandum Order, dated October 23, 2013,
Appealed From ......................................................    A-11

Order of Final Judgment, dated October 23, 2013,
Appealed From ......................................................    A-16

Notice of Appeal, dated October 25, 2013.................    A-18

Docket Entries...........................................................    A-21

Amended Complaint, dated June 15, 2001 ...............    A-42

Order, dated October 4, 2006....................................    A-52

Memorandum Opinion, dated May 1, 2007...............    A-53

Order, dated May 1, 2007 .........................................    A-61

Memorandum Order, dated July 3, 2007 ...................    A-62

Defendant's Status Report, filed November 7, 2008
(Omitted Herein)

Exhibit 1 to Status Report -
Cover Letter and Arbitration Award, dated
September 12, 2008 ...............................................    A-66

Certification of John P. Sheridan, filed December 8,
2009
(Omitted Herein)

Exhibit 1 to Sheridan Certification -
Memorandum to ILA Executive Council, dated
September 19, 2000 ...............................................    A-75

**ii**

| | Page |
|---|---|

Affidavit of Michael J. Goldberg, for Plaintiffs, in
Support of Plaintiffs' Application for Attorneys'
Fees and Costs, sworn to August 5, 2010 .............. A-80

Exhibit 1 to Goldberg Affidavit -
*Curriculum Vitae* of Michael J. Goldberg.............. A-85

Exhibit 2 to Goldberg Affidavit -
Excerpts of Contemporaneous Records of Time
Spent on this Litigation.......................................... A-91

Exhibit 3 to Goldberg Affidavit -
Account Reports, Invoices and Other Documents. A-121

Affidavit of Arthur L. Fox, II, filed August 9, 2010 .. A-214

Declaration of Barbara Harvey, filed August 9, 2010 A-217

Defendant's Memorandum in Opposition to
Plaintiffs' Motion for Attorney's Fees and Costs,
dated September 16, 2010..................................... A-223

Second Affidavit of Michael J. Goldberg, sworn to
October 4, 2010 ...................................................... A-264

Exhibit 1 to Goldberg Second Affidavit -
Appellants' Application for Attorneys' Fees,
dated September 25, 2006..................................... A-267

Exhibit 2 to Goldberg Second Affidavit -
Order of the US Court of Appeals for the Third
Circuit, dated October 16, 2006............................ A-269

Exhibit 3 to Goldberg Second Affidavit -
Appellees' Objection to Appellant's Application
for Attorneys' Fees................................................. A-270

iii

**Page**

Exhibit 4 to Goldberg Second Affidavit -
Appellants' Reply to Appellant ILA's Objection
to Appellants' Application for Attorneys' Fees,
dated October 4, 2010............................................    A-297

Exhibit 5 to Goldberg Second Affidavit -
Constitution and Rules of Order of the
International Longshoremen's Association, AFL-
CIO .........................................................................    A-299

Exhibit 6 to Goldberg Second Affidavit -
Second Affidavit of Michael J. Goldberg, sworn
to October 16, 2006 (Unsigned) ............................    A-304

Exhibit 7 to Goldberg Second Affidavit -
Bio of Gary Aber ...................................................    A-307

Exhibit 8 to Goldberg Second Affidavit -
Attorney Profile of Thomas S. Neuberger .............    A-308

Exhibit 9 to Goldberg Second Affidavit -
Letter from Kevin Marrinan to Local 1694, ILA,
AFL-CIO, dated August 21, 2000.........................    A-310

Memorandum Order, dated March 29, 2012 .............    A-311

Judgment, dated March 30, 2012...............................    A-324

Affidavit of Michael J. Goldberg, filed June 7, 2013    A-325

Exhibit 1 to Goldberg Affidavit -
Supersedeas Bond No. 8127380 ............................    A-328

Exhibit 2 to Goldberg Affidavit -
Revised and Annotated Time Sheets of Attorney
Michael J. Goldberg...............................................    A-332

Exhibit 3 to Goldberg Affidavit -
Letter from Michael Goldberg to John Sheridan,
dated June 6, 2013 .................................................    A-365

iv

**Page**

Exhibit 4 to Goldberg Affidavit -
Third Circuit Opinion, dated May 31, 2013 .......... A-368

Exhibit 5 to Goldberg Affidavit -
Third Circuit Order, dated May 31, 2013 .............. A-376

Mandate of the Court of Appeals, filed
June 25, 2013 ........................................................ A-379

Joint Status Report, dated July 12, 2013.................... A-391

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

EDWARD KNIGHT, CHARLES MILLER-BEY, :
EDDIE MCBRIDE, and LEONARD RILEY, JR., :
                                       :
              Plaintiffs,              :
         v.                            :        CA. No. 01-005-LPS
                                       :
INTERNATIONAL LONGSHOREMEN'S           :
ASSOCIATION,                           :
                                       :
              Defendant.               :
                                       :

---

### MEMORANDUM ORDER

At Wilmington this 27th day of September, 2013:

Pending before the Court are motions filed by Plaintiffs Edward Knight, Charles

Miller-Bey, Eddie McBride, and Leonard Riley, Jr. (collectively, "Plaintiffs") and, separately, by

Defendant International Longshoremen's Association ("ILA" or "Defendant"). Specifically, the

Court now considers: (1) Plaintiffs' Motion for Proceedings Against a Surety, Or in the

Alternative, for an Order Requiring the ILA to Keep its Supersedeas Bond in Place (D.I. 230);

(2) Defendant's Motion for Relief from Judgment Pursuant to FRCP 60(b)(5) (D.I. 235); and

(3) Defendant's Motion for Leave to File Surreply Brief in Opposition to Plaintiffs' Motion for

Proceedings Against a Surety or in the Alternative for an Order Requiring the ILA to Keep its

Supersedeas Bond (D.I. 237).[1] In resolving these motions, the Court has also considered the

parties' input provided in a joint status report. (D.I. 240)

---

[1] Plaintiffs have not opposed Defendants' request to file a surreply brief; the Court will
grant Defendants' request.

A-1

For the reasons discussed below, the Court will deny Plaintiffs' Motion for Proceedings Against a Surety, deny Defendant's Motion for Relief from Judgment, and grant Defendant's Motion for Leave to File Surreply Brief. Defendant is ordered to pay Plaintiffs attorneys' fees, costs, and post-judgment interest (which the parties will be directed to calculate).

## I.    PROCEDURAL BACKGROUND

The factual background and history of this case leading up to the filing of the second appeal are summarized in the Memorandum Order of March 29, 2012. (D.I. 222 at 1-3)[2] The Court provides only limited background here.

On July 14, 2010, following a bench trial, the Court entered judgment in favor of Plaintiffs ("Final Judgment Order"), holding that ILA violated Knight's statutory due process rights by finding him guilty of something with which he had never been charged. (D.I. 186) However, the Court also denied Knight's request for punitive damages and limited his recovery to compensatory damages in the amount of $500 plus appropriate post-judgment interest. (D.I. 185 at 47) In August 2010, Plaintiffs filed an appeal (D.I. 193) and thereafter ILA filed a cross-appeal (D.I. 197). The appeals were stayed pending resolution of post-trial motions in this Court. (*See, e.g.*, D.I. 195)

On March 29, 2012, this Court issued a Memorandum Order altering the Final Judgment Order of July 14, 2010 to increase the award to Plaintiffs from $500 to $1884. (D.I. 222 at 6, 13) On March 30, 2012, judgment was entered in favor of Plaintiffs in the amount of $295,971.87,

---

[2]Additional background is set forth in previous decisions of this Court. *See Knight v. Int'l Longshoremen's Ass'n*, 375 F. Supp. 2d 351, 353-54 (D. Del. 2005) (D.I. 99); (D.I. 125); *Knight v. Int'l Longshoremen's Ass'n*, 639 F. Supp. 2d 437, 439-442 (D. Del. 2009) (D.I. 154); *Knight v. Int'l Longshoremen's Ass'n*, 724 F. Supp. 2d 480, 484-87 (D. Del. 2010) (D.I. 185).

A-2

reflecting an award of attorneys' fees and costs. (D.I. 223)

Plaintiffs appealed this Court's denial of their claims for lost wages and punitive

damages. (D.I. 233-2 at 3-4) Defendants appealed this Court's finding that Plaintiffs' due

process rights under Title I of the Labor-Management Reporting and Disclosure Act of 1959

("LMRDA"), 29 U.S.C. § 411, were violated. (D.I. 233-2 at 5) The Third Circuit heard oral

argument on the appeals on December 10, 2012. (D.I. 233 at 1) On May 31, 2013, the Third

Circuit reversed this Court's finding that Knight had not received sufficient notice of the conduct

with which he was charged, i.e., his second due process claim. The Third Circuit remanded the

case with instructions to vacate the associated award of damages. (D.I. 233 at 2) In all other

respects, the Third Circuit affirmed this Court's judgment. (*Id.*)

## II.    DISPOSITION OF PLAINTIFFS' CLAIMS

In order to resolve the pending motions, it is important to understand the disposition of

each of Plaintiffs' claims. They are summarized below.

### A.    Free speech: Plaintiffs prevailed and obtained injunctive relief

Plaintiffs claimed that Article XXVII of the ILA constitution was overbroad and violated

the free speech rights of union members protected under § 101(a)(2) of the LMRDA. *See Knight

v. Int 'l Longshoremen's Ass'n*, 457 F.3d 331, 336 (3d Cir. 2006). This Court initially abstained

from considering this claim. *See id.* On appeal, the Third Circuit stated: "Because Article

XXVII can be construed and used to prohibit . . . innocuous references to the ILA, it is

unreasonable on its face," and remanded for further proceedings, to include ordering a narrowing

revision of Article XXVII of the ILA constitution. *Id.* at 339. On remand, this Court ordered

narrowing of Article XXVII of the ILA constitution so that it would only prevent misuse of the

A-3

ILA name. (D.I. 130 at 1-2)  Accordingly, Plaintiffs prevailed on their free speech claim and

obtained injunctive relief as a remedy for Defendant's violation of their rights.

### B.    First due process claim: Plaintiffs prevailed and obtained injunctive relief

Plaintiff claimed that in his first disciplinary proceeding, his due process rights under

LMRDA §101(a)(5) were violated because he: (1) was not permitted to record the proceedings,

and (2) faced a biased panel. *See Knight*, 457 F.3d at 339-40.  This Court held that Knight's due

process rights had not been violated. *See id*. at 340.  On appeal, the Third Circuit reversed,

concluding that Knight's due process rights had been violated in both alleged respects; it

remanded for corrective proceedings. *See id*. at 346-47.  On remand, this Court ordered that

Knight receive a new hearing, using procedures approved by the Court, in order to safeguard

Knight's due process rights. (D.I. 130 at 2-3)  Accordingly, Plaintiffs prevailed on their first due

process claim and obtained injunctive relief as a remedy for Defendant's violation of their rights.

### C.    LMRDA § 105 claim: Plaintiffs prevailed and obtained injunctive relief

Plaintiffs contended that the ILA failed to comply with the requirement of  LMRDA

§ 105 that "[e]very labor organization shall inform its members concerning the provisions of this

chapter." 29 U.S.C. § 415; *see also Knight*, 457 F.3d at 344.  This Court held that the ILA had

adequately complied with LMRDA § 105. *See Knight*, 457 F.3d at 344.  On appeal, the Third

Circuit disagreed, concluding "that the ILA must take steps to ensure to the extent possible that

all new members of the ILA personally receive a copy of the DOL [Department of Labor]

summary.  We leave to the District Court on remand the details as to how this can best be

accomplished." *Id*. at 346.  On remand, this Court ordered the ILA to enact a policy and

procedure for distributing copies of the Labor Department summary to all new ILA members.

(D.I. 126 at 1)  Accordingly, Plaintiffs prevailed on their § 105 claim and obtained injunctive

relief as a remedy for Defendant's violation of their rights.

### D.    Second due process claim: Plaintiffs did not prevail

Following the remand from the first appeal, this Court ordered that Knight receive a new

hearing, pursuant to revised procedures. Hence, an ILA disciplinary hearing occurred in March

2008, at which Knight was found guilty of violating "the spirit" of § 302(b) of the Taft-Hartley

Act. (D.I. 185 at 9)  Following this hearing, this Court held a trial and then concluded that

Knight had suffered a new due process violation.  (D.I. 185 at 22-23)  As the Third Circuit later

recognized, "The District Court ruled that Knight's due process rights were violated because it

believed Ethical Practices Counsel Milton E. Mollen convicted Knight of violating the 'spirit and

intent' of § 302 of the LMR[D]A. The District Court found this 'conviction' to be a due process

violation because Knight was never charged with that offense." (D.I. 233-2 at 6)  As a remedy

for this second due process violation, this Court awarded Knight $500 in damages and $1334 in

interest (D.I. 222 at 6), although it also denied Knight's claims for lost wages and punitive

damages. *See Knight v. Int 'l Longshoremen's Ass 'n*, 724 F. Supp. 2d 480, 497-99, 501 (D. Del.

2010). On the subsequent appeal, the Third Circuit reversed this Court's finding of a due

process violation and vacated the subsequent damage award, while affirming this Court's denial

of Plaintiffs' other claims for monetary relief. (D.I. 233-2 at 7)  Accordingly, Plaintiffs did not

prevail on their second due process claim.

## III.   PLAINTIFFS' MOTION RELATING TO SURETY OR BOND

On May 31, 2013, after the Third Circuit's most recent decision but before the issuance of

its mandate, Plaintiffs filed a motion entitled, "Motion for Proceedings Against a Surety, or in

A-5

the Alternative, for an Order Requiring the ILA to Keep Its Supersedeas Bond in Place." (D.I.

230)  The Court agrees with all parties that "[t]he motion for proceedings against a surety is now

moot." (D.I. 240 at 5-6; *see also id.* at 3)

Under the circumstances, the Court considers it an appropriate exercise of its discretion,

and fully consistent with the mandate of the Third Circuit,[3] nonetheless to consider Plaintiffs'

motion and all of the other filings in order to determine whether Plaintiffs are entitled to an

award of attorneys fees and costs and, if so, the amount of such an award. (*See id.* at 5-6)  The

Court addresses these matters below.

## IV.    DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT

Moving pursuant to Federal Rule of Civil Procedure 60(b)(5), Defendant ILA argues that

the attorneys' fee award (D.I. 223) is based on a judgment that has been reversed (D.I. 236 at 3-

4).  The Court agrees that an award of fees for litigation of the ultimately unsuccessful second

due process claim is inappropriate.  Similarly, fees and costs accrued in the unsuccessful

---

[3]On June 25, 2013, the Third Circuit issued a certified judgment, "in lieu of a formal mandate," which "is to be treated in all respects as a mandate." (D.I. 233-1)  The mandate provides, in pertinent part: "[I]t is now hereby ORDERED and ADJUDGED by this Court that the order of the said District Court entered on July 14, 2010, is hereby REVERSED (at Case No. 10-3486) as to its finding that Knight had not been given sufficient notice of the conduct with which he was charged, and REMANDED with instructions to vacate the subsequent award of damages.  We AFFIRM (at Case No. 10-3426) the District Court's order, in all other aspects. . . . All of the above in accordance with the Opinion of this Court." (D.I. 233)  Nothing in either the mandate nor the Opinion of the Third Circuit eliminates Plaintiffs' status as prevailing parties in connection with the issues addressed in the first appeal nor requires the Court to vacate its prior award of fees and costs in connection with Plaintiffs' prevailing on those issues.  (The mandate does require this Court to vacate its award of damages in relation to Plaintiffs' second due process claim, and this Court will do so.)  Thus, contrary to Defendant's contention (*see* D.I. 240 at 1-5), this Court is not taking any action prohibited by the mandate of the Court of Appeals. While there is no express direction from that Court that this Court undertake further proceedings, there is also nothing from that Court to preclude this Court from doing so, as necessary.

A-6

litigation of Plaintiffs' second appeal – specifically, those associated with Plaintiffs' request for punitive damages and return of lost wages – should not be assessed against Defendant. However, Defendant is not entitled to relief from the award of attorneys' fees and costs associated with the remainder of Plaintiffs' claims – that is, those claims on which Plaintiff prevailed in connection with the first appeal, and which were not at issue in the second appeal – because, as to those claims, Plaintiffs were and remain the prevailing parties.

Defendant argues that Plaintiffs are no longer a "prevailing party" and that this Court has not issued an "enforceable judgment" against Defendant. (D.I. 236 at 5)  To qualify as a prevailing party, the "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, . . . or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal citations omitted).  Success on a First Amendment claim resulting in injunctive relief may confer "prevailing party" status.  *See Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 793 (1989) (finding petitioners to be prevailing parties when they obtained judgment which "materially altered the school district's policy limiting the rights of teachers to communicate with each other").  "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.

Plaintiffs secured injunctive relief for multiple claims under LMRDA.  First, the claim that Article XXVII of the ILA constitution was overbroad and violated the free speech rights of union members protected under § 101(a)(2) of the LMRDA was resolved by this Court's order that the ILA revise Article XXVII. (D.I. 130 at 1-2)  Plaintiffs' claim that in Knight's first

7

disciplinary proceeding his due process rights under LMRDA §101(a)(5) were violated, because he was not permitted to record the proceedings and faced a biased panel, was resolved by this Court's order that the ILA conduct a new hearing using Court-approved procedures to safeguard Knight's due process rights. (D.I. 130 at 2-3) The claim that the ILA failed to comply with LMRDA § 105's notice requirement was resolved by this Court's order that the ILA enact procedures for distributing the Labor Department summary to all new ILA members. (D.I. 126 at 1)

Plaintiffs are the prevailing party on these three issues based on their receipt of injunctive relief that "materially altered" the legal relationship between Plaintiffs and Defendant. Plaintiffs' success on each of these three claims also conferred a benefit on the membership of the ILA, as discussed at length in the Memorandum Order of March 29, 2012. (D.I. 222 at 6-8). As a result of the injunctive relief obtained, Plaintiffs and other ILA members: (1) are no longer at risk for disciplinary action by the ILA for making innocuous references to the ILA name or logo (*Knight v. Int'l Longshoremen's Ass'n*, 457 F.3d 331, 339 (3d Cir. 2006)); (2) are aware of their right to record the proceedings of ILA disciplinary hearings and to have their case heard by an unbiased panel (D.I. 222 at 8); and (3) are properly informed of the provisions of LMRDA (D.I. 222 at 7). Plaintiffs' success on these issues and the resulting benefits to the membership of the ILA justify the award of attorneys' fees and costs associated with the litigation of these claims, consistent with the "common benefit" doctrine of *Hall v. Cole*. 412 U.S. 1, 5-6 (1973). (*See* D.I. 222 at 6-7)

## V.    CALCULATION OF PLAINTIFFS' AWARD

Plaintiffs have requested a revised fee and cost award based on the Third Circuit's most

recent decision and, as explained below, the Court agrees with Plaintiffs' analysis. (D.I. 231 at

2-3; D.I. 241 at 2; D.I. 230-6 at 1-2)  The Court addressed in detail the award of attorneys' fees

and costs in the Memorandum Opinion of March 29, 2012, after receiving briefing from both

parties. (D.I. 222 at 8-12; D.I. 192; D.I. 210)  The sole issue remaining with respect to the award

of fees and costs is the amount of reduction required to reflect that Plaintiffs are not (contrary to

this Court's previous conclusion) prevailing parties on the second due process claim.

Specifically, the award needs to be modified to ensure that Plaintiffs do not receive any amounts

incurred for pursuit of the second due process claim, punitive damages, and lost wages.

Plaintiffs' counsel has filed revised, detailed time sheets showing time billed in pursuit of

these losing claims. (D.I. 230 Ex.2)  Having carefully reviewed these revisions, the Court finds

that Plaintiffs' counsel has appropriately reduced his fee request to correspond to those claims,

and only those claims, on which Plaintiffs prevailed.  Accordingly, the Court will award

Plaintiffs $251,029.82 plus post-judgment interest. (*See* D.I. 231 at 3)[4]

Plaintiffs are also entitled to interest. (*See* 28 U.S.C. §1961(a))  The parties previously

stipulated to an applicable interest rate. (*See* D.I. 228 at ¶ 8)  Given the passage of time, the

Court will direct the parties to calculate the appropriate amount of interest.

Accordingly, the Court will enter judgment for Plaintiffs in the amount of $251,029.82

plus interest.[5]

---

[4]In their June 7, 2013 filing (D.I. 231 at 3), Plaintiffs calculated interest as being $586.
For the reasons stated in the next paragraph, the Court has not included that figure in its award.

[5]In the July 2013 status report, Defendant stated: "[i]f this Court disagrees with the ILA's
position and believes that the Third Circuit remanded for further proceedings on the issue of
attorney's fees, and that this Court has jurisdiction to consider the issue of attorney's fees, then
this Court should establish a briefing schedule," require Plaintiffs to submit a new fee

A-9

## VI.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Motion for Proceedings Against a Surety, or in the Alternative, for an Order Requiring the ILA to Keep Its Supersedeas Bond in Place (D.I. 230) is **DENIED AS MOOT**.

2.      Defendant's Motion for Relief from Judgment Pursuant to FRCP 60(b)(5) (D.I. 235) is **DENIED**.

3.      Defendant's Motion for Leave to File Surreply Brief (D.I. 237) is **GRANTED**. Defendant's brief (D.I. 237-2) is deemed filed.

4.      Judgment will be entered in favor of Plaintiffs and Defendant is **ORDERED TO PAY** Plaintiffs attorneys' fees and costs in a total amount of $251,029.82 plus post-judgment interest.

5.      The parties shall meet and confer to determine the appropriate amount of interest and shall submit, no later than **October 4, 2013**, a proposed order of final judgment consistent with the rulings contained in the instant Order.

_____
UNITED STATES DISTRICT JUDGE

_____

application, and permit Defendant to raise "various [unspecified] defenses and arguments" it is entitled to raise.  (D.I. 240 at 5)  The Court, however, agrees with Plaintiffs that they have already submitted materials adequate to permit it to determine the proper amount of fees and costs to award and that any "defenses and arguments" the ILA has against such an award either have been or should have been raised earlier.  (*Id.* at 9-10; *see also* D.I. 222 at 6-12)  Additional briefing would accomplish nothing beyond further delay and expense in a case that has already been marked by inordinate amounts of both.

10

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD KNIGHT, CHARLES MILLER-BEY, EDDIE MCBRIDE, and LEONARD RILEY, JR., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 01-005-LPS |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | : : : | |
| Defendant. | : : : | |

### MEMORANDUM ORDER

At Wilmington this 23rd day of October, 2013:

1.    Defendant International Longshoremen's Association ("ILA") moves for reconsideration of the Court's September 27, 2013 Memorandum Order (D.I. 243), in which the Court awarded attorney's fees to Plaintiffs and made other determinations.  (D.I. 245)

2.    Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly."  The decision to grant such a motion lies squarely within the discretion of the district court.  *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).  These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.  *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241.  "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."  *Smith v. Meyers*, 2009 WL 5195928, at *1

1

A-11

(D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

  3. Having reviewed the parties' submissions (D.I. 246; D.I. 247; D.I. 248[1]), the Court concludes that the ILA has not met the standards for reconsideration.

  4. The ILA argues that the Court erred in finding Plaintiffs to be "prevailing parties" because all that Plaintiffs obtained through this litigation was what the ILA describes as mere interlocutory procedural relief. Essentially, the ILA contends that because discipline against Plaintiff Eddie Knight was ultimately reinstated, the fact that this litigation resulted in a new hearing – under new procedures – did not "alter the legal relationship" between the parties, leaving no basis for awarding Plaintiffs' attorney's fees. (*See* D.I. 246 at 3-5) For all of the reasons previously stated in the Court's prior opinions, the Court disagrees – with the ILA's

---

[1]Ordinarily, parties are not permitted to file reply papers in support of a motion for reargument. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted."). Here, however, the Court will not strike the ILA's reply brief. This is because Plaintiffs do not oppose its filing (*see* D.I. 247 at 7) and because Plaintiffs, in their response, asked for an additional amount of attorney's fees, a request to which the ILA had no prior opportunity to respond.

characterization of the purpose and outcome of this litigation and with the ILA's application of the law. (*See, e.g.*, D.I. 243 at 3-5, 7-8; D.I. 130 (ordering ILA to amend its constitution and implement new proposed procedures); D.I. 155)[2]

5.      The ILA argues that the Court erred when it granted Plaintiffs attorney's fees because "Knight never filed any motion for attorney's fees at all." (D.I. 246 at 6)  This is incorrect.  Plaintiffs filed a motion for attorney's fees on August 9, 2010.  (D.I. 191)  The Court granted this motion in March 2012.  (D.I. 222)  The September 2013 decision the ILA now asks the Court to reconsider modified this prior order on Plaintiffs' motion for attorney's fees.  (D.I. 243)  Under the circumstances, it was not necessary for Plaintiffs to file a new motion; the ILA was fully aware of Plaintiffs' request for attorney's fees, including the precise amount Plaintiffs sought and their support for their request.  Consistent with Fed. R. Civ. P. 54(d)(2)(C), the ILA had a full and fair opportunity to oppose Plaintiffs' request for attorney's fees and to make adversary submissions.  (*See, e.g.*, D.I. 210; D.I. 217; D.I. 232; D.I. 236; D.I. 237)

6.      The ILA's request that the Court refer this matter to a magistrate judge comes too

_____

[2]The ILA predicates its motion on cases it "previously cited to this Court." (D.I. 246 at 3; *see also* D.I. 236 at 5-11; D.I. 242 at 2-4)  But, as already noted, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith*, 2009 WL 5195928, at *1.  In any event, each of the ILA's cases is consistent with the Court's rulings and arises in circumstances quite different from those present here. *See, e.g.*, *Hewitt v. Helms*, 482 U.S. 755, 760, 763 (1980) (holding "prevailing party" must – as Plaintiffs did here – "receive at least some relief on the merits of his claims before he can be said to prevail;" here the modifications to the ILA constitution and procedures were something more than merely "a favorable judicial statement of law in the course of litigation"); *Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1980) (suggesting that party who "has prevailed on the merits of at least some of his claims" – as Plaintiffs did here – may be entitled to attorney's fees, and analogizing party seeking fees in that case to one who "had simply defeated the defendants' motion for a directed verdict," a situation quite unlike that presented here); *Swietlowich v. Bucks County*, 620 F.2d 33, 34 (3d Cir. 1980) (describing "prevailing party" as "one who fairly can be found to have 'essentially succeeded' on *a* claim" – as Plaintiffs have here) (emphasis added).

3

late. (D.I. 246 at 7 ("[T]he ILA *now* requests that the Court[] . . . refer the entire issue of attorney's fees to a Magistrate Judge . . . and that Judge can order a briefing schedule and evidentiary hearing.") (emphasis added); D.I. 248 at 1 ("[T]he dispute ought to be referred to a magistrate for a full hearing.")) The Court has already undertaken the analysis necessitated by the record the parties created and has made its findings of fact and conclusions of law. Nothing other than delay and further litigation expenses would result from a referral to a magistrate judge at this late date.

7.    In their response brief, Plaintiffs ask the Court to increase the award to them by $24,137, the amount of additional attorney's fees they have incurred since October 4, 2010, the last day covered by the Court's fee award.  (*See* D.I. 247 at 8-9; D.I. 247-1)  Plaintiffs' request is DENIED as untimely.  Just as the Court concluded (and concludes again) that, under the circumstances here, the ILA had a full and fair opportunity to oppose Plaintiffs' requests for attorney's fees, so, too, does the Court conclude that Plaintiffs had a full and fair opportunity to request the amount of fees to which they believed they were entitled.  Plaintiffs have not themselves moved for reconsideration of the Court's September 2013 ruling.  By withholding their new fee request until filing their brief in opposition to the ILA's motion for reargument, Plaintiffs have simply waited too long.

Accordingly, **IT IS HEREBY ORDERED** THAT:

A.    The ILA's motion for reargument (D.I. 245) is **DENIED**.

B.    Plaintiffs' request for an additional $24,137 in attorney's fees (D.I. 247 at 8-9) is **DENIED**.

C.    The Court will enter final judgment in favor of Plaintiffs in the amount of $243,758.34.  (*See* D.I. 244)  Because the ILA prevailed in the second appeal, the Court agrees

with the ILA that the costs it incurred in posting a bond in relation to that appeal should be allowed in full.

_____
UNITED STATES DISTRICT JUDGE

3

A-15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------X

EDDIE KNIGHT, *et al.*,

                Plaintiffs,

      v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

                Defendant.

                :     CIVIL ACTION NO. 01-05 LPS

-----------------------------------------------------------------X

### ORDER OF FINAL JUDGMENT

WHEREAS, the Court in its Memorandum Order of September 27, 2013, ordered Defendant ILA to pay Plaintiffs' attorneys fees and costs in the amount of $251,029.82, plus post-judgment interest in an amount agreed upon by the parties; and

WHEREAS, the Court of Appeals awarded costs for the second appeal to the ILA in the amount of $821.48; and

WHEREAS, the parties have agreed to subtract that $821.48 from the amount this Court ordered the ILA to pay the Plaintiffs, resulting in a remainder of $250,208.34, and

WHEREAS, the parties have agreed on the amount of $750.00 for post-judgment interest, resulting in a sum of $250,958.34; and

WHEREAS, the Defendant believes it is entitled, pursuant to Fed. R. App. P. 39(e)(3), as enumerated on Defendant's Bill of Costs filed on July 12, 3013, (D.I. 239), to $7,200 in costs for the bond it posted at the start of the second appeal which, if subtracted, would result in a sum of $243,758.34; and

1003-079
33101

A-16

WHEREAS, the Plaintiffs believe the Defendant is entitled to at most $1,200 in costs for the bond, reasoning that because the appeal and this Court's September 27 Memorandum Order left intact approximately 5/6 of the previous award of fees and costs, Plaintiffs should be responsible for reimbursing the Defendant for only 1/6 the cost of the bond, which would result in a sum of $249,758.34; and

WHEREAS, the parties have agreed that the Court should decide this dispute over the Defendant's Bill of Costs;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Bill of Costs (is allowed in full) (is allowed in part) (is not allowed), and IT IS ORDERED AND ADJUDGED that Final Judgment be and is hereby entered in favor of Plaintiffs and against Defendant in the amount of ($243,758.34) (249,758.34) ($250,958.34) for attorney's fees, costs, and post-judgment interest, and that the Defendant ILA pay that sum to Plaintiffs within 30 days of the entry of this Order, unless the parties mutually agree to a different schedule for payment.

Dated: October ___23___, 2013

_____
LEONARD P. STARK
UNITED STATES DISTRICT JUDGMENT

_____
Clerk (Deputy)

2

1003-079
33101

A-17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------X

EDWARD KNIGHT, CHARLES MILLER,
EDDIE MC BRIDE & LEONARD RILEY, JR.,

Plaintiffs,

v.                                                              CIVIL ACTION NO. 01-005-LPS

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

Defendant.

-----------------------------------------------------------------X

**NOTICE OF APPEAL**

Notice is hereby given that the International Longshoremen's Association, AFL-CIO,

defendant in the above-named case, hereby appeals to the United States Court of Appeals for the

Third Circuit from the Memorandum Order and Judgment dated September 27, 2013 (D.I. #243), the

Memorandum Order dated October 23, 2013 (D.I. #249), and the Order of Final Judgment dated

October 24, 2013 (D.I. #250).

Dated:  October 25, 2013

POTTER, CARMINE & ASSOCIATES, P.A.


/s/ Stephen B. Potter
Stephen B. Potter, Esquire
ID# 0298
840 N. Union Street
P.O. Box 30409
Wilmington, DE  19805
(302) 658-8940
spotter@pottercarmine.com

*Local Counsel for Defendant International*
*Longshoremen's Association, AFL-CIO*

1003-079
33512

A-18

**MARRINAN & MAZZOLA MARDON, P.C.**

/s/ John P. Sheridan
Kevin Marrinan
John P. Sheridan
26 Broadway, 17th Floor
New York, NY  10004
(212) 425-3240
jsheridan@mmmpc.com

*Pro Hac Vice Counsel for Defendant*
*International Longshoremen's Association, AFL-CIO*

1003-079
33512

2

A-19

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Perry F. Goldlust, Esq.
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite #600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900

/s/ Stephen B. Potter
Stephen B. Potter, Esquire
ID# 0298

1003-079
33512

A-20

**AFFIDAVIT OF SERVICE**

DOCKET NO.  13-4260

------------------------------------------------------------------------------X

Eddie McBride, et al.,

        vs.

International Langshoreman Association, et al.

------------------------------------------------------------------------------X


       I, Maryna Sapyelkina, swear under the pain and penalty of perjury,  that according to law and being over the age of 18, upon my oath depose and say that:

       on **March 5, 2014**

       I served the within **Brief and Appendix Volume 1 of 2 (Pages A1-A20)** in the above captioned matter upon:

Michael J. Goldberg
73 Harrowgate Drive
Cherry Hill, NJ 08003
302-477-2712
mjgoldberg@comcast.net

Perry F. Goldlust
702 King Street
P.O. Box 1675, Suite 600
Wilmington, DE 19899
302-483-2000
pgoldlust@pfgoldlust.com

*Attorneys for Appellees*

via **electronic filing and electronic service**. All counsel of record in this case are registered CM/ECF users. Filing and service were performed by direction of counsel.

Unless otherwise noted, 7 copies have been sent to the court on the same date as above for filing via Express Mail.

**Sworn to before me on March 5, 2014**

/s/ Robyn Cocho                                              /s/ Maryna Sapyelkina
Robyn Cocho                                                  Maryna Sapyelkina
Notary Public State of New Jersey
No. 2193491
Commission Expires January 8, 2017

                             Job # 252026