THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUT

William Rock,
    Appellant                 :

V.                             :         No. 14-2868

                            :         (District Court #1:11-Cv-01839)

Donna Asure, et al.,
    Appellees                 :

ARGUMENT OF WILLIAM ROCK

    Now comes, William Rock, pro se, (appeallant) with his argument of facts pertaining to civil case, stated above, of wich judgment was granted in favor of the defendants (summary judgment) on May 13, 2014.

    This is a civil rights case filed under 42 U.S.C.§ 1983, by a state prisoner asserting claims for the uncostitutional denial of ordered/instructed medical care for injuries sustained while in the custody/care of the named defendants.

    Evidence previously presented clearly establishes that the appeallant severly injured his left hand by slipping on a wet floor while incarserated at Monroe County Correctional Facility, (MCCF), and due to the severity of his injury he needed to be taken to the emergency room (ER) where he was told by his treating physcain that surgery was required to repair his injury and that he must see a specialist within 5 days to schedule a surgery in order to avoid permenant injury.

    As per (Doc.56) the appeallant did everything in his power to to recieve the ordered/instructed treatment for his serious medical condition (the circut court agreed that the appeallant did in fact have a serious medical condition as per memorandum), he verbally told medical staff, sent sickcall request, filed grievance, to no avail, ("An

(1)

inmate must rely on prison atorities to treat his medical needs; if these atorities fail to do so these needs will not be met".) Estelle V. Gamble 429 U.S. 97,103 (1976).

As per declaration of William Rock,(Doc.56) exhibit B,which was recieved/reviewed by appeallees "dis-charge instructions" clearly explain orders/instructions given by appeallants treating physcian clearly stipulate "Please follow these instructions carefully" and that cosisted of making an appointment with "Your doctor or the physcian we have referred you to within 24 hours" and "SEE ORTHO MD OR HAND MD LATER THIS WEEK" as well as "Return to this facility if you have any problems or unable to contact your physcian" and as of (Doc.56,exhibit C) all of the orders/instructions given by appeallants treating physcian were intentionally disreguarded by named appeallees. "intentionally interfearing with [medical]treatment once perscribed"- was specifically singled out by the Supreme Court as an example of unconstitutional"deliberate indiffrence"to prisoners'medical needs. Estelle V. gamble,429 U.S.97,105S.Ct.285(1976).Many other courts have held that failure to carry out physcians' orders is uncostitutional. See,e.g.,Johnson V. Wright,412 F.3d 398,406(2d Cir.(2005). It has also been concluded "that deliberate indiffrence to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'Gregg V. Georgia,supra,[428 U.S. 153]at[173],[96 s.Ct.2909,49 L. Ed.2d 859]procribed by the Eighth Amendment. This is true whether the indiffrence is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfearing with the treatment once perscribed" 429 U.S. at 104-106,45 U.S.L.W. at 4025-4026. And as of the evidence (Doc.56,exhibits C and G) Dr.Wilson did review dis-charge instructions and therefore aware of specific time frames and then again on October 23,2009 Dr.Wilson was made aware that appellant was still not seen by a specialist as ordered/ instructed which clearly establishes her intentional dis-reguard of said orders/instructions of appellants treating physcian.

(2)

As for Ms.Reiss,as per (Doc.56,ex.B) the appointment that was to have been made on or before October 12,2009,(within 24 hours of injury) as clearly ordered/instructed,was not even made until October 23,2009,(see Doc. 56,ex C).And as for the appeallant being seen by a specialist was to have been by October 16,2009,(Doc. 56,ex.B) and again as per (Doc.56 ex.C) his appointment was not until November,11,2009, over a month after injury occurred.all because the orders/instructions of treating physcian were deliberatly disreguarded.

As to Nurse James (a medical professional)the critical information pertaining to the appeallant serious medical condition that was intentionally withheld by him did infact did infact delay treatment which was verified by the statement of Magistrate Judge Schwab in report and recomendation page 10,paragraph 8,lines 1-2 where the appeallant waited until December 18,2009 for the supposed ripped tendon to be verified.As per (Doc.56,ex.I) James did infact review appeallants medical records and was infact aware of "serious medical condition" since he noted the "R elbow pain"wich occurred at the time of the hand injury and as a medical proffessional he knew/should have known of the importance of said information intentionally withheld.

Honorable Judge Rambo stated that there was no deliberate indiffrence shown by Wilson,Reiss and her decission was based upon scheduling concerns which "outside facilities scheduling priorities may not be used as an excuse not to provide necessary care promptly", Johnson V. Bowers,884 F.2d 1056,1056(8th Cir.).And once they intentionally direguarded instruction/orders of appeallants treating physcian they intentionally interfeared with medical treatment.And the fact was disputed "that Rock recieved medical treatment at MCCF"per Judge Rambo since the treatment of which appeallant was in dire need of did not occur until August 9,2011 while at S.C.I. pittsburgh. As well as the evidence,(Doc.56,ex.B) clearly shows that appeallant was "NEVER" seen by a physcian certified to treat his injury while at MCCF,nor was he even seen by any docotr after October 12,2009 at MCCF while in the custody/care of appeallees.

As for the non-medical appeallees,Cuth,McFarland,Asure,"(holding that "absent a reason to believe,(or actual knowledge)that prison doctors or their assistants are mistreating (or not treating)a prisoner a non-medical prison official"cannot be charged with deliberate indiffrence, See Spruill V. Gillis 372 F.3d 218,236(3d Cir.2004)(citing Durmer,991 F.2d at 69 n.14).And as per grievance (Doc.56,ex.E)Cuth, McFarland were aware that appeallant was to have been seen by a speciaist by October 16,2009,of which he was not,they did investigate so they were aware of the truth of the grievance,but yet denied the appeallants plea for help once they knowingly denied his request for proper medical attention. Judge rambo stated that "Asure never had knowledge of Rocks medical needs"but the evidence (Doc.56,M-6,M-8 and M-9) clearly shows that Asure did infact recieve/review all incident reports,medical reports,information sheets,medical orders,grievance, etc. pertaing to appeallants hand injury so she was aware of everything. Asure was aware of the serious medical condition,orders and appointments before she was notified of appeallants transfer,and as per (Doc.56, ex.M-9)Asure did infact communicate with board members,commisioners, county officials so she did have the means/oppotunity to have the transfer postponed by explaining the situation to someone who could but she knowingly chose not to.there should have been a policy pertaining to the transfering of people in need of treatment but apparntly there was not and that was why the prison board members should have been added as requestd.

The actions of the appeallees cleary show that they were intentionally stalling until the appeallant was transfered so that he would become their problem financially, "prison officials may not with deliberate indiffrence to the serious medical needs of the inmate, opt for ""an easier and less efficious treatment"of the inmates condition",West,571 F.2d at 162.

(4)

Due to the fact that appeallants treating physcian orders were intentionally disreguarded and he was denied access to a specialist for treatment for his serious medical condition while in the custody/care of the named appeallees resulted in the appeallant to suffer in extreme pain/pain,unable to use his left hand for approx. one year (leaving him vulnerable in bad institutions) and resulted in a body part to be removed to properly repair the injury(which was never disputed) of which the appeallant came to learn from his surgeon that there was a 30-45 day window in which to repair the injury without the harvesting of the tendon which would be presented at trial see affidavit (Doc.167,ex.25) and of which the appeallant should be entitled relief,the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law,especially the Costitution.Phelps-Roper V. Nixon,545 F.3d 685,690(8th Cir.2008);Duran V. Anaya,642 F.Supp.510,527(D.N.M.1986)(respect for the law,particulary by officials responsable for the administration of the states correctional system,is in itself a matter of the highest public interest.');Llewelyn V. Oakland County Prosecutors Office,402 F.Supp.1379,2393(E.D.Mich.1975)(stating "the Constitution is the ultimate expression of the public interest").

The appeallant feels that he was held responsable for his ignarance he did on several occasions request appointment of counsel due to the coplexity,number of defendants need for affidavits of the doctors/medical experts but the circut court felt those facts did not matter but they did.

Therefore based upon the evidence the appeallant prays that this Honorable Court reverses the decission of the Circut Court in the interest of justice.

Respectfully Submitted

*William Rock* — July 11th 2014

William Rock,pro se
JG-4029
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale,Pa.
  16698-1000

## CERTIFICATE OF SERVICE

I, William Rock, pro se, hereby certify that I have on this day served a true and correct copy of the foregoing pleadings upon the parties named below. This service was effectuated by First Class U.S. Mail, delivered to officials at S.C.I. Houtzdale for proper postage and mailing. I also invoke Prisoners Mail Box Rule on said pleadings.

| | |
|---|---|
| Marisa Watson, Clerk<br>United States Courthouse<br>Independence Mall West<br>601 Market St.<br>Philadelphia, Pa. 19106-1790 | One (1) Original<br>Four (4) Copies |
| Gerard Geiger/Robert Kidwell<br>712 Monroe St.<br>P.O. Box 511<br>Stroudsburg, Pa. 18360-0511 | One (1) Copy |
| John Ninosky<br>301 Market St.<br>P.O. Box 109<br>Lemoyne, Pa. 17043 | One (1) Copy |

July 11th, 2014
___Date

/s/ William Rock
Willaim Rock, pro se
JG-4029
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, Pa.
    16698-1000